■ TERRENCE P. KELLEHER et al., Respondents, v POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant. [621 NYS2d 156] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 14, 1994 in Albany County, which, *inter alia,* granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

Plaintiff Terrence P. Kelleher (hereinafter plaintiff) was employed as a drill blaster for Kiewitt Eastern Company and was working on the Crescent Dam on the Mohawk River in Albany County. Defendant was the holder of an easement on said property and the owner of a hydroelectric generating facility on the dam. At the time of the accident plaintiff was engaged in drilling holes into the concrete piers for the purpose of constructing structures in connection with the generating facility.

On the date of the accident, plaintiff was approximately 18 feet off the ground standing on a ladder which was secured to a concrete pier by being tied off at the top. While plaintiff was operating a rotary and compression drill, the ladder allegedly shifted a few inches and, as plaintiff moved his left hand to steady himself, the strap on his gloved left hand was caught pulling his hand into the drill and causing injuries to several fingers on his left hand.

As a result of this accident, plaintiff sued defendant alleging negligence, violations of Labor Law §§ 200, 240 (1) and § 241 (6), together with a derivative cause of action. Defendant moved for partial summary judgment on the Labor Law causes of action and plaintiffs cross moved for partial summary judgment as to liability. Supreme Court found a violation of Labor Law § 240 (1) and granted partial summary judgment to plaintiffs without reaching the issue of the other alleged statutory violation.*

To support their position, plaintiffs submitted the affidavit of a field engineer who opined that violations of accepted practices in the construction industry caused plaintiff's gloved

---

* We note that the only issue raised on this appeal is whether summary judgment was properly granted pursuant to Labor Law § 240 (1).

hand to be drawn into the drill and that plaintiff's instinctive reaction to prevent falling caused the injury. Plaintiff's testimony was to the same effect, i.e., the ladder shifted, he instinctively moved his hand and the pull strap was drawn into the steel drill.

Labor Law § 240 (1) imposes absolute liability upon owners for failing to provide proper safety devices necessary to protect workers who are involved in erection, demolition, repairing and altering at elevated worksites and who sustain injuries proximately caused by such failures (Jock v Fien, 80 NY2d 965). Defendant contends that plaintiff's injuries do not fall within the purview of Labor Law § 240 (1) because the direct cause of plaintiff's injuries was not the result of a fall from an elevated height, and although the statute is to be construed liberally to accomplish the purpose for which it was framed, the section was aimed only at elevation-related hazards and injuries resulting from other types of hazards are not compensable under the statute even if proximately caused by the absence of a scaffold or other related safety device (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Rocovich v Consolidated Edison Co., 78 NY2d 509).

Although Supreme Court, relying on Dougherty v State of New York (113 AD2d 983), held that it was not necessary for a worker to fall from an elevated height in order to come within the class for whose benefit Labor Law § 240 (1) was enacted, the decision in Ross v Curtis-Palmer Hydro-Elec. Co. (supra) and Rocovich v Consolidated Edison Co. (supra) have cast doubt on this holding (see also, Tambasco v Norton, 207 AD2d 618).

As the Court of Appeals stated in Ross (supra), Labor Law § 240 (1) was designed to shield the worker against special hazards that arise when the worksite is elevated. However, these special hazards do not encompass any and all perils that may be connected in some tangential way to the effects of gravity, but are related to such specific gravity-related accidents as falling from a height or being struck by a falling object improperly hoisted or secured. The law is designed to prevent accidents in which a ladder or other protective device is inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person, and recovery does not extend to other types of harm even if caused by an inadequate scaffold.

Following the holding of Ross (supra), we find that the injury sustained by plaintiff was not an elevation-related risk of the type intended to be covered by Labor Law § 240 (1) and

under the facts of this case and in the absence of a fall, we find that plaintiffs' action does not come within Labor Law § 240 (1).

Defendant's motion for summary judgment as to Labor Law § 240 (1) is granted, and plaintiffs' cross motion for summary judgment as to that claim is denied.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiffs' cross motion and denied defendant's motion regarding plaintiffs' Labor law § 240 (1) cause of action; cross motion denied, motion granted to that extent, partial summary judgment awarded to defendant and plaintiffs' Labor Law § 240 (1) cause of action is dismissed; and, as so modified, affirmed.