■ Elton L. Bryant et al., Respondents, v General Electric Company, Defendant and Third-Party Plaintiff-Appellant. All-Systems Piping, Inc., Third-Party Defendant-Appellant. [633 NYS2d 410] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered September 22, 1994 in Albany County, which, *inter alia*, partially granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

On January 15, 1991, plaintiff Elton L. Bryant (hereinafter plaintiff), a pipe fitter/welder employed by third-party defendant, All-Systems Piping, Inc. (hereinafter All-Systems), was allegedly injured while working in defendant's facility. Plaintiff and his co-worker, Kermit Rock, were told by All-Systems foreperson John Valenty to open a 20-inch butterfly valve which was frozen on top of one of the tanks. Although plaintiff averred that he asked Valenty for a hydraulic lift so that he could raise himself to the valve, plaintiff was informed that such lift was unnecessary.

Equipped only with a pipe wrench and safety harness provided by All-Systems, upon climbing a series of catwalks and ladders plaintiff stood on a four-inch beam to the left of a 20-inch pipe and attempted to free the frozen valve. Due to the snow and ice and the difficulties experienced in freeing the valve, he was forced to try different positions. During this pro-

cess, he experienced shooting pains from his shoulder blades up to his head and then heard a "snap" or "crunch" in his back. Stating clearly that at no time did he slip or fall off the four-inch beam, plaintiff contended that he straddled the 20-inch pipe with both legs and used it as a temporary work platform as he pushed with his legs and feet with his back against the tank. The 20-inch pipe was suspended approximately 20 to 30 feet in the air. Plaintiff was subsequently diagnosed as having a herniated disc and back surgery was required.

Plaintiff commenced this action against defendant alleging negligence and violations of Labor Law §§ 200, 240 and 241. Defendant commenced a third-party action against All-Systems and then moved for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on the issue of liability. All-Systems cross-moved for summary judgment on the grounds asserted by defendant. Supreme Court granted partial summary judgment to plaintiff, finding a violation of Labor Law § 240 (2), and denied the motions by defendant and All-Systems. In so doing, it did not address the theories of liability propounded under Labor Law §§ 200, 240 (1) and § 241 (6). Defendant and All-Systems appeal.

We disagree with Supreme Court that there was a violation of Labor Law § 240 (2) which warranted the grant of partial summary judgment in plaintiff's favor. In *Rocovich v Consolidated Edison Co.* (78 NY2d 509), the Court of Appeals held that Labor Law § 240 (1) was inapplicable because the injury was not caused by an elevation-related risk (*supra*, at 514-515). In so finding, the Court reviewed those occupational hazards which the Legislature intended would warrant the absolute protection afforded by that statute (*supra*, at 513-515). Later, in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), the Court of Appeals held that Labor Law § 240 (1) was inapplicable to a plaintiff suffering from back strain which had allegedly occurred because the platform he was provided with required him to work in a strained and contorted position (*supra*, at 500-501). Again, it noted that such section of the Labor Law was designed to prevent accidents in which devices such as a scaffold, hoist, stay or ladder proves inadequate to shield the worker from harm directly flowing from the application of the force of gravity to an object or person.

The Court of Appeals has consistently reiterated this premise (*see, Rodriguez v Tietz Ctr.*, 84 NY2d 841) as have we (*see, Kelleher v Power Auth.*, 211 AD2d 918). Relying on *Ross v Curtis-Palmer Hydro-Elec. Co.* (*supra*), we noted that "these special

hazards do not encompass any and all perils that may be connected in some tangential way to the effects of gravity, but are related to such specific gravity-related accidents as falling from a height or being struck by a falling object improperly hoisted or secured" *(Kelleher v Power Auth., supra,* at 919). Clearly, plaintiff here did not fall from an elevated height and therefore did not suffer from the type of elevation-related injury contemplated by Labor Law § 240 (1).

Moreover, contrary to plaintiff's contention, we find the necessity for injuries caused by an elevation-related risk to be applicable to the imposition of liability pursuant to Labor Law § 240 (2) as well. As the Court of Appeals noted in *Khela v Neiger* (85 NY2d 333), "as a matter of statutory interpretation, sections relating to the same subject matter are deemed to be in para materia and 'construed together as though forming part of the same statute' " *(supra,* at 336-337, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 221 [a], [b]). Here, subdivision (1) of Labor Law § 240 states when and by whom devices must be provided and then details in subdivisions (2) and (3) more specific requirements when working at an elevated height. Reference to subdivision (1) is further necessary to determine who would be subject to liability pursuant to such section of the Labor Law. Accordingly, we find that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (2) due to the lack of an elevation-related injury *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra).*

Upon such determination, we find it necessary to exercise our discretion to determine whether partial summary judgment under Labor Law § 241 (6) would be appropriate *(see,* CPLR 5501 [c]; Siegel, NY Prac § 529 [2d ed]). Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors "to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502, *supra)* and that to be successful, it must be shown that plaintiff "establish[ed] a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" *(Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796, 797; *see, Ross v Curtis-Palmer Hydro-Elec.Co., supra,* at 502-504). Here, plaintiff relied upon his expert's opinion that the resultant injuries were proximately caused by defendant's violation of 12 NYCRR 23-1.22 (c) which specifically addresses standards applicable to platforms used as a work area. We find that such evidence

rendered summary judgment inappropriate since a question of fact remains as to whether the pipe plaintiff straddled constituted a platform (*see, Rocha v State of New York*, 45 AD2d 633, *lv denied* 36 NY2d 642; *see generally, Stairs v State St. Assocs.*, 206 AD2d 817) and, upon plaintiff's allegations of a violation of 12 NYCRR 23-1.7, whether such "platform" was in a slippery condition.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' cross motion and denied the motions of defendant and All-Systems Piping, Inc. regarding plaintiffs' causes of actions under Labor Law § 240 (1) and (2); cross motion denied in its entirety, motions granted to the extent of awarding summary judgment to defendant and All-Systems Piping, Inc. dismissing said causes of action; and, as so modified, affirmed.