■ STEPHEN DORITY et al., Appellants, v ZURN INDUSTRIES et al., Defendants, and NATIONAL ENERGY PRODUCTION CORPORATION, Respondent. [641 NYS2d 188] —Casey, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 18, 1995 in St. Lawrence County, which granted partial summary judgment to defendant National Energy Production Corporation dismissing plaintiffs' Labor Law § 240 (1) claim.

Plaintiff Stephen Dority (hereinafter plaintiff), while employed as a laborer on a construction project, was engaged in a cleaning detail on the ground floor of the main building at the site, which was approximately 20 feet from where plaintiff's

co-worker, Ralph Clark, was working on a scaffold assisting in the installation of steam pipes. After one of the steam pipes became dislodged and began to fall toward Clark, Clark jumped to the ground and began to run. Clark ran into plaintiff, knocking him over and causing him to fall and sustain injuries.

As a result, plaintiff and his wife commenced this action alleging, *inter alia*, negligence and Labor Law violations against, among others, defendant National Energy Production Corporation (hereinafter defendant), the general contractor of the construction project. Following joinder of issue, plaintiffs moved for partial summary judgment against defendant on the issue of liability pursuant to Labor Law § 240 (1). Supreme Court denied plaintiffs' motion and, after searching the record, determined that partial summary judgment dismissing the Labor Law § 240 (1) claim should be granted to defendant (*see*, CPLR 3212 [b]). Plaintiffs now appeal.

We affirm. It is now well settled that Labor Law § 240 (1) was designed to protect against special occupational elevation-related hazards, which are "limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). The undisputed facts establish that although Clark was exposed to an elevation-related hazard created by the falling pipe, plaintiff's injury is not within the scope of Labor Law § 240 (1), which is limited to *"harm directly flowing from the application of the force of gravity to an object or person"* (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501 [emphasis in original]). Supreme Court correctly granted partial summary judgment to defendant dismissing plaintiffs' Labor Law § 240 (1) claim.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.