■ PAUL TOTH et al., Appellants, v CARGILL, INC., NUTRENA FEEDS DIVISION, Respondent. (And a Third and Fourth-Party Action.) [653 NYS2d 215] —Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 29, 1995 in Albany County, which, *inter alia*, granted defendant's cross motion for partial summary judgment dismissing plaintiffs' Labor Law § 240 causes of action.

Plaintiff Paul Toth (hereinafter plaintiff), an electrician, was engaged in repairing some electrical wiring at a height of approximately 15 to 20 feet above the ground. He was standing on a wooden pallet lifted up off the ground by a forklift. As plaintiff prepared to remove a conduit cover, he moved to the left side of the pallet. As he did so, the pallet shifted. To steady himself, plaintiff reached out with his right hand and grabbed a belt that was part of a motor. According to plaintiff, at the instant that he grabbed the belt, the motor started and the belt drew his hand into a pulley causing him injury. Plaintiff

did not fall off the pallet nor did any object fall on plaintiff. Following the injury, the forklift was lowered to the floor.

Plaintiff and his wife commenced this action alleging, *inter alia*, negligence and Labor Law violations. Defendant answered and discovery was conducted. Plaintiffs then moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Defendant cross-moved for the same relief. Supreme Court ruled in defendant's favor and plaintiffs appeal.

We affirm. As we recently stated in *Kelleher v Power Auth.* (211 AD2d 918), although Labor Law § 240 (1) was intended to protect laborers against special hazards arising from an elevated worksite, "these special hazards do not encompass any and all perils that may be connected in some tangential way to the effects of gravity, but are related to such specific gravity-related accidents as falling from a height or being struck by a falling object" (*supra*, at 919). Here, insofar as plaintiff's injury did not flow from the application of the force of gravity to an object or person, his injury was not an elevation risk of the type intended to be covered by Labor Law § 240 (1) (*see, Dorr v General Elec. Co.*, 235 AD2d 883; *Dority v Zurn Indus.*, 226 AD2d 983; *Kelleher v Power Auth., supra; see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Supreme Court, therefore, properly awarded partial summary judgment to defendant and dismissed plaintiffs' Labor Law § 240 (1) causes of action.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.