■ CLIFFORD L. OLSEN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 101274.) [745 NYS2d 253] —Mercure, J.P. Appeal from that part of an order of the Court of Claims (Lebous, J.), entered August 22, 2001, which denied the State's motion for summary judgment dismissing the claim.

Claimant Clifford L. Olsen (hereinafter claimant) sustained the injuries forming the basis for this action in an August 27, 1998 accident that occurred while he was working at the Cook's Falls Bridge on State Route 17 in Sullivan County. At the time of the accident, claimant was standing on a bridge pedestal, drilling holes in the top of the pedestal using a hammer drill, with the drill bit situated between his feet. A scaffold had been erected approximately four to five feet below claimant and claimant also had secured a safety harness to a bridge cross member that was situated just above him. While claimant was in the process of drilling, the drill abruptly seized and the drill bit broke, causing claimant to lose his balance. Because of his fear of falling, claimant grabbed the safety harness with his left hand and held onto the drill with his right hand. He fell only far enough so that his left foot came in contact with the scaffold below. Claimant acknowledged that the only injury he sustained in the accident was to his right arm.

Claimants filed a notice of claim alleging the State's viola-

tion of Labor Law §§ 200, 240 and 241 (6) and, following joinder of issue and discovery, the State moved for summary judgment dismissing the claim. The Court of Claims granted the motion in part, but denied so much thereof as sought to dismiss claimants' Labor Law § 240 cause of action and so much of the Labor Law § 241 (6) cause of action as alleges a violation of 12 NYCRR 23-1.15 and 23-5.1. The State appeals.*

It is undisputed that the State satisfied its initial burden on the motion by coming forward with competent evidence that the injury to claimant's elbow was caused not by his fall but by the "forced supination motion of his right arm with the elbow fully extended" when claimant's right arm became entangled in the cord and twisted with the drill. The issue that separates the parties is whether claimants have satisfied the resulting burden of coming forward with competent evidence raising a genuine question of fact concerning the State's liability under Labor Law § 240. Because we conclude that claimants have not satisfied that burden, we are constrained to modify the order of the Court of Claims and dismiss the claim.

Contrary to claimants' assertion, we find no competent evidence in the record to support the theory that claimant injured his right arm as a result of his very short fall from the bridge pedestal. Notably, all medical reports and workers' compensation forms prepared in connection with the accident embody claimant's statement that the injury to his right elbow and forearm was caused when his drill hit a foreign object, the drill bit broke and his right arm became entangled in the cord and twisted with the drill. Although claimant's position was substantially different at his examination before trial, even there he acknowledged that the injury occurred when the drill lurched, just before he fell off the pedestal. Although claimant also testified that his "elbow was hurt * * * because [he] was incased in the cord as [he] was reaching up," nothing in his testimony indicates that his fall contributed to the injury. In fact, his testimony was that his arm was incased in the cord, with the drill still on and "trying to turn" while he was "grabbing * * * for anything [he] could grab," obviously before he fell.

In view of the uncontradicted evidence that claimant's injury was unrelated to the failure of any protective device to shield him from harm directly flowing from the application of the force of gravity to an object or person, we conclude that the

---

* Claimants now concede that the Court of Claims erred in failing to dismiss the Labor Law § 241 (6) cause of action in its entirety so our analysis will be limited to the Labor Law § 240 cause of action.

Court of Claims should have granted the motion in its entirety (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515; *Kelleher v Power Auth. of State of N.Y.*, 211 AD2d 918, 919-920; *compare, Johnson v General Design & Dev.*, 225 AD2d 970 [although the plaintiff was caused to lose his balance by the torque of a drill that bound up in wood, his injuries were caused by the ensuing fall from a ladder into a steel support beam and then down to a concrete floor]).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the State's motion; motion granted in its entirety, summary judgment awarded to the State and claim dismissed; and, as so modified, affirmed.