■ MICHAEL WALSH, Respondent, v BURTCHAELL D. BAKER et al., Appellants.—Order unanimously affirmed without costs. Memorandum: In the summer of 1987, defendants hired George Cotton to construct a "pole barn/garage" on their property. Plaintiff, a carpenter employed by Cotton, was injured when he fell from a ladder at a height of fourteen feet while engaged in the construction of the "pole barn/garage". No one witnessed the accident. Plaintiff commenced this action against defendants asserting a cause of action based upon an alleged violation of Labor Law § 240 (1). Defendants interposed an answer denying the allegations of the complaint and

asserting the affirmative defense of culpable conduct. Upon completion of discovery, plaintiff moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim. In support of his motion, plaintiff averred that "at the time of the accident, I was standing on a wooden ladder, at a height of 14 feet, nailing up studs. I fell off the ladder and landed on the concrete floor, breaking my left heel". Plaintiff alleged that defendants failed to provide him with safety devices. Further, plaintiff submitted a transcript of his examination before trial at which he testified that while he was standing on the top of the ladder "putting stud walls in for the wall", he "reached back to grab a nail out of [his] apron" and fell from the ladder.

Defendants' attorney averred in an opposing affidavit that plaintiff's deposition testimony revealed that his injuries were caused by the "manner in which the plaintiff was standing on the said ladder nailing the studs" and that the failure to provide safety devices was not a proximate cause of plaintiff's fall. Counsel asserted that plaintiff's deposition testimony was vague and inconsistent because when plaintiff was asked whether his fall was caused because the ladder moved, plaintiff responded that he did not remember. Defendants did not raise a factual issue regarding the manner in which plaintiff's accident occurred nor did they raise an issue with respect to plaintiff's credibility.

Supreme Court granted plaintiff's motion. We affirm. Plaintiff established by the submission of evidentiary proof in admissible form that he was engaged in the performance of his work as a carpenter at the time he fell from an elevated worksite, and that no safety devices or safeguards "as to give proper protection to a person so employed" (Labor Law § 240 [1]; *see, Bland v Manocherian,* 66 NY2d 452) were provided. Thus, plaintiff established both a violation of the statute and that the violation was a proximate cause of his injury as is required to establish a claim under Labor Law § 240 (1) *(see, Armstrong v Sherrill-Kenwood Water Dist.,* 135 AD2d 1081; *cf., Marotta v Lakeside Mem. Hosp.,* 156 AD2d 1027).

Defendants failed to come forward by the submission of evidentiary proof in admissible form to show the existence of an issue of fact sufficient to require a trial *(see, Heath v Soloff Constr.,* 107 AD2d 507, 511). Defendants merely asserted, in conclusory fashion, that issues of fact existed with respect to whether plaintiff's injuries were proximately caused by his own negligence or the failure to provide safety devices. Whether plaintiff's negligence, if any, contributed to his acci-

dent is immaterial and not a defense to the imposition of absolute liability under Labor Law § 240 (1) *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-522, *rearg denied* 65 NY2d 1054). Finally, to the extent that defendants rely on our decision in *Carlos v Rochester Gen. Hosp.* (163 AD2d 894), for the proposition that summary judgment is inappropriate because this was an unwitnessed accident, we note that *Carlos* is factually distinguishable. There, the record established that defendant's submissions in opposition to the motion sharply contested plaintiff's account of how the accident occurred and, thus, we concluded that "[p]laintiff's testimonial version should be subjected to cross-examination and his credibility assessed by the fact finder after a trial" *(Carlos v Rochester Gen. Hosp., supra).* (Appeal from Order of Supreme Court, Allegany County, Feeman, J.— Summary Judgment.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.