■ PETER MARASCO, Respondent, v RICHARD KAPLAN, Defendant and Third-Party Plaintiff-Respondent-Appellant. BUILDING DYNAMICS, INC., Third-Party Defendant-Appellant-Respondent.—Cross appeal unanimously dismissed and otherwise order affirmed without costs. Memorandum: Supreme Court properly granted partial summary judgment in favor of plaintiff with respect to the issue of liability on his cause of action based on Labor Law § 240.

Ordinarily, where the manner in which the accident occurred is within the exclusive knowledge of the plaintiff, partial summary judgment is inappropriate because the plaintiff's testimonial version should be subjected to cross-examination and his credibility assessed by the fact finder after a trial *(see, Carlos v Rochester Gen. Hosp.,* 163 AD2d 894). In this case, however, defendant and third-party defendant did not inform the court in opposing papers that they wished to rely upon cross-examination of plaintiff, nor did they question plaintiff's version of the accident. To the contrary, the president of the third-party defendant admitted that, immediately before plaintiff fell, he was standing on a stepladder cutting down an I-beam and that the ladder was "nowhere tall enough" to work on the beam, which was 15 feet off the ground. Moreover, although no one saw plaintiff fall, the third-party defendant's president heard plaintiff fall and was able to investigate the accident scene immediately thereafter. Thus, the manner in which the accident occurred was not within the exclusive knowledge of plaintiff.

This case differs from the case of *Carlos v Rochester Gen. Hosp. (supra)* and is similar to our recent case of *Walsh v Baker* (172 AD2d 1038). In *Walsh,* as here, defendant did not question plaintiff's version of the accident, but asserted that his version did not support a determination of liability under Labor Law § 240 as a matter of law.

The court properly granted defendant's motion for indemni-

fication against third-party defendant for all damages resulting from any judgment recovered against them by plaintiff. It denied, however, defendant's motion for indemnification for reasonable attorney's fees in defense of the action without prejudice to renew. Defendant's cross appeal from that part of the order denying defendant's motion for indemnification for reasonable attorney's fees with leave to renew is not appealable and must be dismissed *(see,* 10 Carmody-Wait 2d, NY Prac § 70:25, at 43). Here the remedy is not to appeal but to renew the motion upon a showing of the reasonable amount of attorney's fees incurred *(see, Walden v Nowinski,* 63 AD2d 586). (Appeals from Order of Supreme Court, Monroe County, Patlow, J.—Summary Judgment.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.