■ PETER T. SMITH, Appellant-Respondent, v CASSADAGA VALLEY CENTRAL SCHOOL DISTRICT et al., Respondents-Appellants and Third-Party Plaintiffs-Appellants, and MEISTER CONTRACTING COMPANY, INC., et al., Respondents-Appellants. C.A.

BETTS MASONRY, INC., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff was injured when he fell off a scaffold while working on construction of a school gymnasium. Defendant and third-party plaintiff Cassadaga Valley Central School District (Cassadaga) owns the property; defendant Meister Contracting Company, Inc. (Meister) was the general contractor; defendant Anco Contracting, Inc. (Anco), which owned the scaffold, was a subcontractor hired by Meister to do the painting and plastering; and third-party defendant C.A. Betts Masonry, Inc. (Betts), plaintiff's employer, was a subcontractor hired by Meister to do the masonry work.

The court erred in denying plaintiff's motion for partial summary judgment imposing liability under Labor Law § 240 (1) against Cassadaga and Meister. Plaintiff established that he fell from an elevated worksite, that the scaffold lacked safety rails on all but the rear of the platform, and that he was not wearing a safety belt or other safety device when he fell. That is sufficient to impose absolute liability upon the owner and contractor (see, Goldbach v Erie County Indus. Dev. Agency, 142 AD2d 948, lv dismissed 73 NY2d 865; Armstrong v Sherrill-Kenwood Water Dist., 135 AD2d 1081; Goldthwait v State of New York, 120 AD2d 969). The availability of safety devices at the jobsite is insufficient to defeat plaintiff's entitlement to summary judgment (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524, rearg denied 65 NY2d 1054; Koumianos v State of New York, 141 AD2d 189, 192; Heath v Soloff Constr., 107 AD2d 507, 512). There is no merit to defendants' contention that the motion was properly denied because this was an unwitnessed accident and only plaintiff had knowledge of the facts (see, Marasco v Kaplan, 177 AD2d 933; cf., Carlos v Rochester Gen. Hosp., 163 AD2d 894). Plaintiff's co-worker, Dan Smith, was also on the scaffold when plaintiff fell and his version of the accident coincided with plaintiff's testimony.

The court erred in denying the portion of Anco's cross motion seeking dismissal of plaintiff's Labor Law causes of action against it. Anco lacked the authority to supervise or control plaintiff's activities on the jobsite (see, Russin v Picciano & Son, 54 NY2d 311, 316-318; Headen v Progressive Painting Corp., 160 AD2d 319, 320; Magrath v Migliore Constr. Co., 139 AD2d 893). The fact that Anco furnished the scaffold does not, by itself, amount to supervision and control of

plaintiff's work *(see, Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-417).

The court, however, properly denied Anco's motion seeking dismissal of plaintiff's common-law negligence cause of action. There are questions of fact whether Anco furnished a defective scaffold or gave improper instructions on how to erect and to use it.

The court erred in denying Cassadaga's cross motion for summary judgment on contractual indemnification against Meister. The contract between Cassadaga and Meister contains a broad indemnity clause under which Meister is required to indemnify Cassadaga against all claims arising out of the performance of the work. This manifests a clear intention to indemnify *(see, Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153). Section 5-322.1 of the General Obligations Law does not render the indemnification clause unenforceable. Cassadaga's liability, as owner, is based on Labor Law § 240 (1), which imposes absolute liability. In any event, there is no evidence of Cassadaga's negligence because the inspector it employed did not supervise or direct the construction work and did not control the use of safety equipment. Thus, there is no material issue of fact precluding summary judgment to Cassadaga on contractual indemnification against Meister *(see, Brown v Two Exch. Plaza Partners,* 146 AD2d 129, 139, *affd* 76 NY2d 172, 178-181).

The court, however, correctly denied Cassadaga summary judgment for contractual indemnification against Anco and Betts. Cassadaga had no direct contractual relationship with Anco or Betts. There is no merit to Cassadaga's contention that the indemnification clause in its contract with Meister applies equally to Anco and Betts. The indemnification clause between Meister as contractor and Anco and Betts as subcontractors is contained in the purchase orders between these parties and is much narrower and more limited than the indemnification clause between Cassadaga and Meister. It requires indemnification only for injuries resulting from willful acts or negligence and there is no evidence of either on the part of Anco or Betts.

For similar reasons, the court properly denied Meister summary judgment on contractual indemnification against Anco and Betts. Moreover, Meister is not entitled to common-law indemnification from Anco or Betts because there is evidence that indicates that Meister's liability was not merely vicarious *(see, Dormitory Auth. v Caudill Rowlett Scott,* 160 AD2d 179, *lv denied* 76 NY2d 706). Under the general con-

tract, Meister retained control and sole responsibility for every aspect of the construction project and there is a question of fact whether Meister breached its contractual duty.

Accordingly, the order is modified by granting plaintiff partial summary judgment on liability against Cassadaga and Meister under Labor Law § 240 (1); by granting Cassadaga summary judgment against Meister for contractual indemnification; and by granting summary judgment to Anco dismissing plaintiff's Labor Law causes of action against it. Otherwise, the order is affirmed. (Appeals from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.