GEORGE HALKIAS, Appellant, v HAMBURG CENTRAL SCHOOL DISTRICT, Respondent and Third-Party Plaintiff. AMHERST PAINTING, INC., Third-Party Defendant-Respondent.— Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff was injured when he fell from a snorkel ladder while painting. Although plaintiff's employer had provided a scaffold for plaintiff and his co-worker to use, at some point plaintiff elected to make use of the snorkel ladder that he found at the worksite. The ladder belonged to defendant, the owner of the premises. At the time plaintiff fell, the outriggers or stabilizers that are designed to be used with the ladder were not in place. Supreme Court denied plaintiff's motion for partial summary judgment on his cause of action alleging a violation of Labor Law § 240 (1).

That was error. Plaintiff demonstrated his entitlement to summary judgment by showing that he was injured in a fall from an elevated worksite while engaged in statutorily protected activity and that his injuries were proximately caused by the owner's failure to have safety devices "constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054). Plaintiff's election not to use the scaffold provided by his employer in favor of the snorkel ladder from which he fell is of no consequence. The availability of safety devices at the jobsite is insufficient to defeat plaintiff's entitlement to summary judgment *(see, Zimmer v Chemung County Performing Arts, supra,* at 524; *Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 956; *Neville v Deters,* 175 AD2d 597; *Heath v*

*Soloff Constr.,* 107 AD2d 507, 510). There is no proof in this record that adequate safety devices were in place and operational on the site and that plaintiff refused to use them *(see, Neville v Deters, supra).* Further, there is no merit to third-party defendant's contention that the motion was properly denied because this was an unwitnessed accident *(see, Smith v Cassadaga Val. Cent. School Dist., supra,* at 956; *Marasco v Kaplan,* 177 AD2d 933, *Walsh v Baker,* 172 AD2d 1038). Although no one saw plaintiff fall, his co-worker was present in the school auditorium at the time he fell and the matter was promptly investigated *(see, Marasco v Kaplan, supra).* The submissions in opposition to the motion did not contest plaintiff's account of how the accident occurred *(see, Walsh v Baker, supra,* at 1038, 1040; *cf., Carlos v Rochester Gen. Hosp.,* 163 AD2d 894). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Partial Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.