■ Jose Fernandez et al., Appellants, v MHP Land Associates et al., Respondents. (And Third- and Fourth-Party Actions.)—Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered April 28, 1992 which denied plaintiffs' motion for summary judgment, unanimously reversed, on the law, and the plaintiffs' motion is hereby granted, without costs. The Clerk is directed to enter judgment in favor of plaintiffs-appellants, granting them summary judgment pursuant to section 240 (1) of the Labor Law of the State of New York and striking the affirmative defenses of culpable conduct.

Plaintiffs commenced this action pursuant to Labor Law § 240 (1) to recover for injuries sustained by plaintiff, Jose Fernandez, as a result of his fall from a ladder used by Mr. Fernandez while working as a painter in the lobby of the Sears Roebuck & Co. store located on East 32nd Street in Manhattan. The complaint alleged that on October 7, 1988 plaintiff was painting the ceiling of the Sears store lobby. In order to reach the ceiling plaintiff had to stand on a ladder which was positioned on a ledge located next to an escalator. The ledge was apparently made of marble or a marble-like material. The ladder, which was provided by the plaintiff's employer, was a six foot "A" shaped ladder. According to the complaint the ladder had no safety feet attached to the bottom, no one held the ladder as plaintiff worked and the ladder was not secured to the wall or floor in any manner.

Plaintiff alleged in the complaint and stated in his affidavit filed in support of the summary judgment motion, that he fell when the ladder suddenly slipped out from under him as he was standing on its fourth rung. Plaintiffs' summary judgment motion was supported by the affirmation of plaintiffs' counsel and an affidavit submitted by a co-worker who witnessed the fall. The co-worker, Jose Sestayo, stated in his affidavit that he saw the ladder, on which the injured plaintiff was working, tip and fall. He also stated that there was no one holding the ladder, and that the ladder had no safety feet and was not anchored to the wall or the floor in any way.

In opposition to the plaintiffs' motion for summary judgment the defendants submitted their attorney's affirmation and an affidavit by an engineer, in which he concluded that there was no defect in the ladder, that the ladder was not

improperly placed and that the use of scaffolding in the area where the injured plaintiff was working was neither necessary nor practical. It is significant however, that the engineer's affidavit was based solely on his examination of the materials submitted by the plaintiff on the summary judgment motion and upon the injured plaintiff's deposition. Nowhere in the affidavit does the engineer state that he inspected either the ladder in question or the location where the ladder was positioned.

The failure to secure the ladder to insure that it remained steady and erect while the plaintiff was working on it constitutes a violation of Labor Law § 240 (1), which results in the imposition of absolute liability upon the defendants for the plaintiff's injuries as a matter of law *(Bland v Manocherian,* 66 NY2d 452; *Haimes v New York Tel. Co.,* 46 NY2d 132). The affidavit of defendants' engineer was insufficient to create a question of fact with respect to the Labor Law violation occasioned by the failure to secure the ladder in any way. The contention that the motion should have been denied because the credibility of the injured plaintiff's co-worker was suspect is meritless *(see, Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 956; *Marasco v Kaplan,* 177 AD2d 933). Concur —Carro, J. P., Rosenberger Wallach and Ross, JJ.