■ DONALD I. MORRIS, Appellant, v MARK IV CONSTRUCTION Co., INC., et al., Respondents. MARK IV CONSTRUCTION CO., INC., Third-Party Plaintiff, v TDA RESIDENTIAL HEATING INSTALLATION, INC., Third-Party Defendant-Respondent. [611 NYS2d 68] —Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court should have granted plaintiff's motion for partial summary judgment with respect to liability on plaintiff's Labor Law § 240 (1) cause of action against Mark IV Construction Co., Inc. (Mark IV) and defendant Dun-Rite Heating, Inc. (Dun-Rite).

By showing that he fell from an elevated worksite while engaging in activity protected under Labor Law § 240 (1), and that his injuries were proximately caused by the failure of Mark IV and Dun-Rite to provide proper safety devices "constructed, placed and operated" for his protection, plaintiff demonstrated his entitlement to summary judgment (Labor Law § 240 [1]; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Halkias v Hamburg Cent. School Dist.,* 186 AD2d 1040).

The fact that plaintiff's accident was unwitnessed does not preclude summary judgment *(see, Halkias v Hamburg Cent. School Dist., supra; Marasco v Kaplan,* 177 AD2d 933; *cf., Wentland v Occidental Chem. Corp.,* 188 AD2d 1030; *Carlos v Rochester Gen. Hosp.,* 163 AD2d 894). Moreover, the record reveals that all of plaintiff's statements relate a consistent and coherent version of the occurrence of the accident and, therefore, speculation by Mark IV and Dun-Rite that the accident may have occurred in another manner is not sufficient to raise a triable issue of fact *(see, Damon v Starkweather,* 185 AD2d 633). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Labor Law § 240.) Present —Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.