■ ANTHONY E. HAMILTON, Appellant, v TAM CERAMICS, INC., Respondent and Third-Party Plaintiff, et al., Defendant. APOLLO STEEL CORP., Third-Party Defendant-Respondent. [626 NYS2d 635] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff appeals from an order dismissing his Labor Law § 240 (1) cause of action and denying his motion for partial summary judgment on liability on his Labor Law § 241 (6) cause of action. Plaintiff has not briefed the issues regarding denial of his motion for summary judgment on his Labor Law §§ 200 and 202-h causes of action; therefore, we deem those issues abandoned *(see, Ciesinski v Town of Aurora,* 202 AD2d 984).

Plaintiff, an employee of third-party defendant, Apollo Steel Corp., was cutting steel panels and beams and generally dismantling parts of a building owned by defendant TAM Ceramics, Inc. He was instructed to remove the steel cables supporting a 2- to 3-ton "bus bar" in a furnace room. The end of the "bus bar" was in an adjacent transformer room. Plaintiff entered the transformer room to determine "how the bus bar was attached to the transformer and what kind of support (if any) it would need if the cable were cut". He climbed up on the transformer to make that determination and then descended. Plaintiff testified that he did not "know where [he] was but [he] was not aware that [he] was being electrocuted.

[He] didn't feel anything, didn't know what was going on. The next thing [he knew he] woke up and [he] was laying on the floor". The complaint alleged that plaintiff suffered injuries when he came into contact with a live electrical line.

Supreme Court erred in dismissing plaintiff's Labor Law § 240 (1) cause of action. Plaintiff was engaged in a statutorily enumerated activity and the transformer room was part of the work site (see, Laterra v Rockville Centre Union Free School Dist., 186 AD2d 789). Plaintiff is not entitled to summary judgment on that cause of action, however, because there is a question of fact where plaintiff was when he came in contact with the electrical line. There is a conflict between the deposition testimony of plaintiff and his affidavit on that point that should not be resolved on a motion for summary judgment (see, Marotta v Lakeside Mem. Hosp., 156 AD2d 1027). Additionally, the record does not establish whether the injuries sustained by plaintiff were the result of a fall from an elevated work site or were caused by his contact with the electrical line while he was on the ground.

The court also erred in denying that part of plaintiff's motion for partial summary judgment on liability on plaintiff's Labor Law § 241 (6) cause of action. Plaintiff alleged a violation of 12 NYCRR 23-3.2 in his motion papers (see, Narrow v Crane-Hogan Structural Sys., 202 AD2d 841, 842); that section sets forth a specific requirement for a standard of conduct sufficient to hold a nonsupervising owner liable under Labor Law § 241 (6) (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505). The issue of plaintiff's comparative negligence, if any, may be addressed at a later stage of the proceedings. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Labor Law § 240 [1]; § 241 [6].) Present— Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.