■ JOHN D. NILES, Appellant, v SHUE ROOFING COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. J. V. SGROI, INC., Third-Party Defendant-Respondent. [631 NYS2d 464] —Peters, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered September 30, 1994 in Madison County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff was employed as a sheetrock finisher by third-party defendant, a subcontractor on a project at Cazenovia College in the Town of Cazenovia, Madison County. Defendant was the general contractor. Plaintiff, who was required to work at an elevated location on a ladder stationed on a jerry-rigged scaffold made of ladders, suffered injuries in an unwitnessed fall. He commenced this action alleging, *inter alia*, that his injuries resulted from violations of Labor Law § 240 (1).

Plaintiff appeals the denial of his motion for partial summary judgment on the issue of Labor Law § 240 (1) liability. Relying on *Carlos v Rochester Gen. Hosp.* (163 AD2d 894), Supreme Court denied the motion on the basis that the accident was unwitnessed and plaintiff's accounts were not entirely consistent.

The fact that an accident was unwitnessed does not preclude summary judgment (*Morris v Mark IV Constr. Co.*, 203 AD2d 922, 923; *Halkias v Hamburg Cent. School Dist.*, 186 AD2d 1040, 1041). Plaintiff's account of the accident was never challenged. The submissions made in opposition to the motion merely criticize plaintiff's account as unwitnessed and unsubstantiated by independent sources. Hence, based upon the record before us, we find that defendant and third-party defendant have failed to set forth an articulable basis to disbelieve plaintiff (*see, Halkias v Hamburg Cent. School Dist., supra*; *Walsh v Baker*, 172 AD2d 1038, 1040).

As to the issue of liability, Labor Law § 240 (1) requires that scaffolding and ladders "be so constructed, placed and operated as to give proper protection". The proof establishes that the ladder fell while plaintiff was using it in the performance of elevated work resulting in his injuries. A college official, who

arrived at the accident scene shortly after the occurrence, found planking and a stepladder on the floor in a manner suggestive of a collapse. Accordingly, we find that a prima facia showing has been made establishing a violation of Labor Law § 240 (1) and that such violation was the proximate cause of plaintiff's injuries (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509). As defendant and third-party defendant failed to thereafter make a showing sufficient to raise a triable issue (*see, Zuckerman v City of New York*, 49 NY2d 557), we find that plaintiff should have been granted partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim (*see, Place v Grand Union Co.*, 184 AD2d 817).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted and plaintiff is awarded partial summary judgment on the issue of liability.