■ ANTHONY A. ABRAMO et al., Respondents, v PEPSI-COLA BUFFALO BOTTLING COMPANY et al., Appellants, et al., Defendant. (Appeal No. 1.) [637 NYS2d 840] —Order unanimously reversed on the law without costs and motion denied. Memorandum: This action was brought by Anthony A. Abramo (plaintiff) and his wife for injuries sustained by plaintiff while working at a plant owned by defendant Pepsi-Cola Buffalo Bottling Co. (Pepsi-Cola) in the Town of Cheektowaga. Pepsi-Cola contracted with defendant and third-party plaintiff P.A.T. Construction, Inc. (P.A.T.) to do some remodeling and to construct an addition to its plant. P.A.T. subcontracted with plaintiff's employer, third-party defendant C & C Plumbing, Inc. (C & C), to perform the plumbing work and with defendant and third-party plaintiff, Ferguson Electric Construction Co., Inc. (Ferguson), to perform the electrical work. On the morning of his accident, plaintiff was instructed by his foreman to install angle iron brackets on the wall near the ceiling in a small janitorial supply room. Plaintiff recalls that, while on a stepladder, on the second or third rung from the top, approximately nine feet above the floor, he reached out for a conduit on the wall. The next thing he recalls is being in the hospital eight or nine days later with a fractured skull. The manner in which the accident occurred was unwitnessed. Although his wife and daughter told him that he had been electrocuted, plaintiff neither remembers falling from the ladder nor suffering an electric shock, although he observed burn marks across his left palm after he returned home from the hospital. After the accident, a Pepsi-Cola employee saw plaintiff sitting on the floor outside the janitorial supply room. When asked if he had fallen or if an object had fallen on him, plaintiff replied that he did not know. There was blood on plaintiff's shirt and both hands and a cut on plaintiff's head. The employee looked inside the janitorial supply room and observed the ladder still in an upright po-

sition and blood on the side of the wall. Later that day, when plaintiff's foreman asked plaintiff what happened, plaintiff replied, "I can't remember." The next day, another C & C employee, while attempting to install the iron angle hangers in the janitorial supply room, received a shock from an ungrounded fluorescent light fixture hanging by a metal chain from a pipe near the ceiling. Thereafter an examination of the light fixture disclosed that a defect in the ballast transformer had electrically energized the fixture frame.

Supreme Court granted the motion of plaintiffs for partial summary judgment on liability under Labor Law § 240 (1) against Pepsi-Cola and P.A.T. We reverse.

The mere fact that a fall is unwitnessed does not require denial of a motion for partial summary judgment under Labor Law § 240 (1) (*DeRocha v Old Spaghetti Warehouse,* 207 AD2d 978, 979; *Morris v Mark IV Constr. Co.,* 203 AD2d 922, 923). Summary judgment is appropriate if plaintiff's account of the accident is uncontroverted or if defendant is unable to show, other than by speculation without factual support, that a bona fide issue exists (*Turner v Eastman Kodak Co.,* 210 AD2d 883; *DeRocha v Old Spaghetti Warehouse, supra,* at 979; *Halkias v Hamburg Cent. School Dist.,* 186 AD2d 1040; *Damon v Starkweather,* 185 AD2d 633; *Marasco v Kaplan,* 177 AD2d 933; *Walsh v Baker,* 172 AD2d 1038). A motion for summary judgment will be denied, however, where, as here, there are bona fide issues of fact with respect to the manner in which the accident occurred (*see, Doan v Aiken & McGlauklin,* 217 AD2d 908; *Hamilton v Tam Ceramics,* 214 AD2d 951; *Wentland v Occidental Chem. Corp.,* 188 AD2d 1030; *Carlos v Rochester Gen. Hosp.,* 163 AD2d 894). Therefore, the possibility that plaintiff may have fallen from the ladder after receiving an electric shock does not entitle him to partial summary judgment on liability under Labor Law § 240 (1). The cause of plaintiff's injuries may not be determined as a matter of law. A determination based on circumstantial evidence is essentially one to be made by the fact-finder, guided by the legal principles appropriate to such a determination (*see generally,* 1 PJI 1:70 [1996 Supp]).

We reject the contention of Pepsi-Cola and P.A.T. that, because plaintiff was provided with a ladder that did not break or otherwise fail, there is, at most, a question of fact whether plaintiff was provided with "proper protection" under the Labor Law. The law in this Department is settled that a motion for summary judgment will not be denied merely because a scaffold or ladder from which a worker fell did not break, col-

lapse or otherwise fail *(see, Turner v Eastman Kodak Co., supra; Hodge v Crouse Hinds Div.,* 207 AD2d 1007; *Walsh v Baker, supra).*

In light of the fact that P.A.T. neither controlled, directed nor supervised plaintiff's work, the court properly granted a conditional judgment of common-law indemnification in favor of P.A.T. against C & C *(see, Allman v Ciminelli Constr. Co.,* 184 AD2d 1022, 1023). The court also properly granted a conditional judgment of contractual indemnification in favor of P.A.T. against C & C *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208; *Serino v Miller Brewing Co.* [appeal No. 2], 167 AD2d 917, *lv dismissed* 78 NY2d 1008; *cf., Gillmore v Duke/Fluor Daniel,* 221 AD2d 938). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Labor Law.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.