■ JERRY JOHNSON et al., Respondents, v GENERAL DESIGN AND DEVELOPMENT, INC., Defendant and Third-Party Plaintiff-Appellant, and THOMAS C. LACY, Doing Business as OMNI PLUMBING COMPANY, Appellant. THOMAS P. PLEAT CONSTRUCTION, INC., Third-Party Defendant-Appellant. [639 NYS2d 542] —Peters, J.

In November 1991, while standing on a stepladder, plaintiff Jerry Johnson (hereinafter plaintiff) operated a right-angle drill to bore holes in the ceiling for the installation of water heating pipes. The drill bound up in the wood and, due to the resisting torque, threw plaintiff horizontally from the fourth step of the ladder into a vertically standing "I" beam support. He then fell to the concrete floor and suffered serious injuries to, *inter alia*, his left shoulder, finger and back. Defendant General Design and Development, Inc. (hereinafter General) was the general contractor on the construction of the building and had subcontracted the plumbing to defendant Thomas C. Lacy, doing business as Omni Plumbing Company (hereinafter Omni), who had further subcontracted the work to third-party defendant, Thomas P. Pleat Construction, Inc. (hereinafter Pleat).

Plaintiff, and his spouse derivatively, commenced this action against General alleging various theories of liability including violations of Labor Law §§ 200, 240 (1), § 241 (6) and common-law negligence. General thereafter commenced a third-party action against Omni and Pleat, seeking contribution and

indemnification.[1] In July 1992, plaintiffs moved for partial summary judgment against General and Omni on the issue of liability under Labor Law § 240 (1). Supreme Court granted the motion and now Pleat, Omni and General appeal.[2]

Pleat contends that since the direct cause of plaintiff's injuries was the jamming of the drill bit in a right-angle drill, these were not elevation-related injuries and, thus, not within the purview of Labor Law § 240 (1). We disagree.

The accident occurred while plaintiff was installing pipes under the direction of Pleat, his employer. Working without any safety devices to mitigate against the risks associated with elevated drilling, plaintiff was injured when the drill he was using bound up and threw him horizontally from the ladder into a steel support beam and then onto the concrete floor. As the ladder proved insufficient to prevent plaintiff from falling and, therefore, subjected him to an elevation-related risk within the purview of Labor Law § 240 (1) (see, *Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Ross v Curtis-Palmer.Hydro-Elec. Co.*, 81 NY2d 494; cf., *Kelleher v Power Auth.*, 211 AD2d 918), we find that plaintiff established a prima facie violation of the statute and that such violation was the proximate cause of his injuries (see, *Bland v Manocherian*, 66 NY2d 452, 459).

Defendants have failed to submit any evidence in admissible form to show the existence of a triable issue of fact (see, *Alston v Golub Corp.*, 129 AD2d 916, 917). Even if, as alleged by defendants, plaintiff was the only witness to this accident, this is not a sufficient reason to deny summary judgment (see, *Niles v Shue Roofing Co.*, 219 AD2d 785). Further, the record reflects that a co-worker was present on the date of the accident and that Pleat never approached him to request either an affidavit or his appearance for an examination before trial. Since the manner in which the accident occurred is not exclusively within the knowledge of plaintiff (cf., *Carlos v Rochester Gen. Hosp.*, 163 AD2d 894) and there appears to be no controversy as to the manner in which the accident occurred (see, *Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319; *Halkias v Hamburg Cent. School Dist.*, 186 AD2d 1040; *Marasco v Kaplan*, 177 AD2d

---

1. Plaintiffs later amended their complaint to add Omni as a defendant.

2. At the conclusion of the trial on damages, Supreme Court also granted judgment to General on the issue of indemnification against Omni and Pleat. Omni was also granted indemnification against Pleat. This appeal is only taken from Supreme Court's grant of summary judgment for plaintiffs on the issue of liability. Although Pleat, General and Omni all filed notices of appeal, only Pleat has perfected its appeal on this issue because General and Omni are fully indemnified by Pleat.

933; *Walsh v Baker*, 172 AD2d 1038), we affirm the order of the Supreme Court in its entirety.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.