■ SCOTT LAISNEY et al., Appellants, v JAMES ZELLER et al., Doing Business as ERIE BOULEVARD EAST ASSOCIATES, Respondents. [651 NYS2d 800] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Scott Laisney (plaintiff) was injured while working as an electrician on the renovation of a mall owned by defendants. The injury occurred as plaintiff was attempting to reach an electrical junction box above an 11-foot-high cooler. In order to gain access to the box, plaintiff climbed up and over a 16-foot stepladder to a set of conduit pipes suspended from the ceiling. As he crawled over two conduit pipes, one of the pipes collapsed and the other bent, causing plaintiff's left leg to be caught between the remaining pipe and a steel ceiling support. Plaintiff gave two different accounts of what happened after his leg was caught. At his examination before trial, plaintiff testified that he pulled himself back up, climbed on to the cooler and performed his work. In his affidavit, however, plaintiff asserted that he "fell from the ceiling" and "was left dangling by his left leg".

Supreme Court properly denied plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) but erred in granting that part of defendants' cross motion for summary judgment dismissing that cause of action. Plaintiffs failed to establish their entitlement to judgment as a matter of law because they failed to establish the manner in which the accident occurred (see, Abramo v Pepsi-Cola Buffalo Bottling Co., 224 AD2d 980; Doan v Aiken & McGlauklin, 217 AD2d 908) and the proximate cause of plaintiff's injuries (see, Donohue v Elite Assocs., 159 AD2d 605, 605-606). Nor are defendants entitled to judgment as a matter of law; the different accounts of the accident presented by plaintiff raise bona fide questions of fact with respect to how the accident occurred and whether his injuries were proximately caused by defendants' alleged violation of Labor Law § 240 (1) (see, Madinya v Consolidated Edison Co., 202 AD2d 356; Wentland v Occidental Chem. Corp., 188 AD2d 1030, 1030-1031). (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.