■ GLADYS FIGUEROA, Individually and as Administrator of the Estate of JAMES FIGUEROA, Deceased, et al., Respondents, v MARGARET MISHKO, Appellant, and WILLIAM PURSE, Respondent. [661 NYS2d 291] —In an action to recover damages for personal injuries, wrongful death, and the loss of services, the defendant Margaret Mishko appeals from an order of the Supreme Court, Suffolk County (Rohl, J.), dated August 13, 1996, which granted the motion of the defendant William Purse for summary judgment dismissing the complaint and any cross claims insofar as asserted against him and denied her cross motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against her.

Ordered that the order is affirmed, with one bill of costs.

Driving home from work on Ranick Road, Hauppauge, the defendant Margaret Mishko stopped her car at the stop sign at

Rabro Drive. According to her version of the events, she looked to the left and to the right, and observing no cars, made a left turn into the left westbound lane of Rabro Drive. After the turn, she saw the car of the plaintiff's decedent, James Figueroa, close behind her in the same lane. She stated that the plaintiff's car then passed her on the right and then cut across the width of Rabro Drive, colliding with the car of the defendant William Purse, who was traveling eastbound.

The Supreme Court properly denied Mishko's cross motion for summary judgment, since there were material issues of fact as to whether Mishko negligently made the left turn onto Rabro Drive and whether her turn was a proximate cause of the decedent's accident (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Specifically, there is an issue of fact as to whether Mishko turned into Rabro Drive directly in front of Figueroa. At her 1995 examination before trial, Mishko stated that she saw Figueroa's car four to five seconds after she completed the turn, 75 feet away from the intersection. At her 1994 examination before trial, Mishko stated that she saw Figueroa's car 15 to 20 seconds after proceeding from the stop sign. However, in three statements given shortly after the incident, Mishko asserted that she saw Figueroa's car at the same time she turned into Rabro Drive. Moreover, in a written statement given to the police Patricia Comeau, Mishko's co-worker, stated that Mishko "pulled out—made a left onto Rabro into the left lane. I heard a screech of brakes. I looked to my right and saw a red car come up behind her and almost hit her then went around [Mishko] to the right". Contrary to Mishko's contentions, these discrepancies in her statements are not so minor or immaterial as to warrant granting summary judgment to her (*see, Robinson v NAB Constr. Corp.,* 210 AD2d 86; *Walsh v Baker,* 172 AD2d 1038).

Mishko's contention that the Supreme Court improperly granted summary judgment to her codefendant William Purse is without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.