PATRICIA KANNEY, Individually and as Administratrix of the Estate of WILLIAM H. KANNEY, Deceased, Respondent, v GOODYEAR TIRE & RUBBER Co., Respondent-Appellant, and OLDMAN BOILER WORKS, INC., Appellant-Respondent and Third-Party Plaintiff. NIAGARA COATING SERVICES, INC., Third-Party Defendant-Appellant. [667 NYS2d 163] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent, an employee of third-party defendant, Niagara Coating Services, Inc. (Niagara), died when he fell from a scaffold that had been erected by defendant-third-party plaintiff, Oldman Boiler Works, Inc. (Oldman), on property owned by defendant The Goodyear Tire and Rubber Company (Goodyear). Pursuant to its contract with Goodyear, Oldman was to provide labor and equipment to clean and paint a boiler stack, and its equipment was to be free from defects. Oldman erected scaffolds inside the 70-foot stack and on its exterior, extending from the roof of a nearby building to the top of the stack, to en-

able workmen to assemble and later dismantle the interior scaffold. Upon being informed by Oldman that the interior of the stack required sandblasting before painting, Goodyear hired Niagara for that job. Oldman gave Niagara permission to use the interior scaffold and modified it at Niagara's request. In its motion for summary judgment, Oldman asserted that it did not give Niagara permission to use the exterior scaffold. On the day of the accident, a Niagara employee climbed up the interior scaffold before discovering that his equipment was not working, and decedent ascended the exterior scaffold to speak with his co-worker. Decedent's body was later discovered on the roof at the foot of the exterior scaffold.

Supreme Court properly granted that part of plaintiff's motion for partial summary judgment on the issue of Goodyear's liability under Labor Law § 240 (1). Plaintiff's version of the accident, that decedent's death was caused by a fall from an elevated worksite, was not controverted by Goodyear. As the owner of the property, Goodyear had a nondelegable duty under Labor Law § 240 (1) to provide proper protection on the scaffold to decedent (*see, LaFleur v Consolidated Edison Co.*, 221 AD2d 250). The fact that decedent fell establishes the lack of proper protection, even in the absence of any proof that the scaffold was defective (*see, Holka v Mt. Mercy Academy*, 221 AD2d 949, 950, *lv dismissed* 87 NY2d 1055; *Turner v Eastman Kodak Co.*, 210 AD2d 883). The mere presence of safety devices at the worksite, without proof that decedent was told to use the safety devices and deliberately refused to do so, does not raise an issue of fact whether decedent was a recalcitrant worker or defeat plaintiff's entitlement to summary judgment (*see, Stolt v General Foods Corp.*, 81 NY2d 918, 920; *Hagins v State of New York*, 81 NY2d 921, 922-923; *Allan v Rochester Inst. of Technology*, 209 AD2d 929). Because there is no view of the evidence that could lead to the conclusion that Goodyear's violation of Labor Law § 240 (1) was not a proximate cause of the accident, the motion for partial summary judgment was properly granted (*see, Felker v Corning Inc.*, 90 NY2d 219, 225).

The court, however, erred in granting that part of plaintiff's motion for partial summary judgment on the issue of Oldman's liability under Labor Law § 240 (1). Plaintiff did not seek that relief and, in any event, is not entitled to it. The court should have granted that part of the motion of Oldman for summary judgment dismissing the Labor Law § 240 (1) cause of action. Oldman established that it had no authority to supervise or control the work of either decedent or Niagara and thus was

not an agent of Goodyear or Niagara with respect to that work, and plaintiff failed to raise an issue of fact (*see*, Labor Law § 240 [1]; *see also, Russin v Picciano & Son*, 54 NY2d 311, 318; *Smith v Cassadaga Val. Cent. School Dist.*, 178 AD2d 955, 956; *Kopacz v Airco Carbon*, 104 AD2d 722, 723). For the same reason, the court erred in denying that part of Oldman's motion for summary judgment with respect to Labor Law § 241 (6) (*see, Russin v Picciano & Son, supra*, at 318). Further, the court erred in failing to grant that part of Oldman's motion with respect to Labor Law § 200. That section is a codification of the common-law duty to provide a safe place to work, and liability may be imposed upon a contractor with "the authority to control the activity bringing about the injury" (*Russin v Picciano & Son, supra*, at 317), authority that Oldman clearly lacked. The fact that Oldman owned and assembled the scaffold is not sufficient to establish control over the work being performed and the authority to insure that proper safety practices are followed (*see, Iveson v Sweet Assocs.*, 203 AD2d 741, 742; *Walsh v Sweet Assocs.*, 172 AD2d 111, 113-114, *lv denied* 79 NY2d 755).

The court, however, properly denied that part of Oldman's motion for summary judgment with respect to common-law negligence (*see, Smith v Cassadaga Val. Cent. School Dist., supra*, at 957; *Magrath v Migliore Constr. Co.*, 139 AD2d 893). Oldman failed to establish as a matter of law that it owed no duty of care to decedent merely because it had not given Niagara permission to use the exterior scaffold. It was foreseeable, under the circumstances, that a worker such as decedent would use that equipment during the sandblasting operation. Oldman also failed to establish as a matter of law that its scaffold was free from defects, or that the alleged defect, i.e., the absence of safety devices such as railings, was not a proximate cause of the death (*see, Rosen v General Elec. Corp.*, 231 AD2d 921, 922; *Smith v Cassadaga Val. Cent. School Dist., supra*, at 957).

The court also erred in granting the cross motion of Goodyear for summary judgment on its cross claim against Oldman for contractual indemnification. We reject the contention of Oldman that Goodyear has no right to indemnification from it because Niagara has already agreed to indemnify and defend Goodyear; Goodyear's contractual rights against Oldman are not altered by the agreement between Goodyear and Niagara. Goodyear, however, failed to establish its entitlement to contractual indemnification as a matter of law. Goodyear relies upon three paragraphs in its contract with Oldman, none of

which establishes its entitlement to contractual indemnification as a matter of law. Paragraph 13 (d) provides that Oldman will indemnify Goodyear from all liability arising out of or incident to the performance of the contract, but Goodyear failed to establish as a matter of law that decedent's death arose out of or was incident to that contract. Paragraph 13 (f) is unenforceable to the extent that it purports to indemnify Goodyear for liability arising out of Goodyear's own negligence (*see,* General Obligations Law § 5-322.1); to the extent that paragraph 13 (f) provides that Oldman must indemnify Goodyear for all claims arising at least in part from the acts or omissions of Oldman, Goodyear failed to establish as a matter of law that the accident was caused in whole or part by Oldman. Finally, paragraph 13 (g) provides that Oldman must maintain control over its workers and the methods and means of the work and hold Goodyear harmless from any claims based upon violations of worker safety laws. By its terms, that paragraph applies only to Oldman's own workers, not to decedent, and thus Goodyear is not entitled to indemnification under it.

Goodyear did not cross-move against Oldman for summary judgment on the issue of common-law indemnification and may not raise that issue for the first time on appeal (*see, Ciesinski v Town of Aurora,* 202 AD2d 984, 985).

Therefore, we modify the order by denying that part of plaintiff's motion for partial summary judgment against Oldman on the issue of liability under Labor Law § 240 (1), granting that part of the motion of Oldman for summary judgment dismissing the Labor Law §§ 200, 240 (1) and § 241 (6) causes of action against it and denying the cross motion of Goodyear for summary judgment on its cross claim for contractual indemnification against Oldman. (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.