■ JOHN F. WITTKOPP et al., Appellants, v ADF CONSTRUCTION CORP., Respondent and Third-Party Plaintiff. V.J. GAUTIERI DEVELOPMENT OF BATAVIA, INC., Third-Party Defendant-Respondent. [678 NYS2d 199] —Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: John F. Wittkopp (plaintiff) was injured when he fell from the roof of a building at an apartment complex where he had been performing construction work. Supreme Court denied the motion of plaintiff and his wife for partial summary judgment on the Labor Law § 240 (1) cause of action on the ground that a factual dispute existed "as to how plaintiff came to be at the location he was at" when he

fell. That was error. Plaintiffs established that materials for plaintiff's assigned work were being hoisted to the roof by a forklift and that plaintiff walked to the edge of the roof to check on the progress of the forklift and lost his balance and fell when blown by a gust of wind. That proof establishes that plaintiff's activity was necessary and incidental to the construction work (*see, Orr v Christa Constr.*, 206 AD2d 881; *Bilderback v Agway Petroleum Corp.*, 185 AD2d 372, *lv dismissed* 80 NY2d 971; *Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002). Further, plaintiff established that workers employed by other contractors used safety harnesses and tie-offs while working on the roof and that no safety devices were provided for his use. Neither defendant nor third-party defendant controverted that proof.

We reject the contentions of defendant and third-party defendant that plaintiffs' motion was properly denied because the accident was unwitnessed and plaintiff's version of the accident was inconsistent. Immediately after the accident, plaintiff could not remember what had happened. The record establishes, however, that he had sustained a concussion and was incoherent at the time and that inability to recall immediately after an accident is a common sequela of head trauma. There is no evidence that plaintiff gave inconsistent versions regarding the accident after regaining his memory. Under the circumstances, plaintiff's temporary loss of memory does not present a bona fide issue regarding plaintiff's credibility sufficient to preclude partial summary judgment (*see, Niles v Shue Roofing Co.*, 219 AD2d 785; *Halkias v Hamburg Cent. School Dist.*, 186 AD2d 1040, 1041).

We also reject the contention of defendant that plaintiffs' motion was properly denied because defendant did not have the opportunity to depose plaintiff's supervisor. Defendant interviewed the supervisor immediately after the incident, and the supervisor's affidavit was submitted by third-party defendant in opposition to plaintiffs' motion. Thus, defendant has failed to show that "facts essential to justify opposition may exist but [could not] then be stated" (CPLR 3212 [f]) and that defendant requires the discovery of facts that are within the exclusive knowledge of another party (*cf., Capitaland United Soccer Club v Capital Dist. Sports & Entertainment*, 238 AD2d 777, 780). Because no material issues of fact exist with respect to liability on the Labor Law § 240 (1) cause of action, we grant plaintiffs' motion for partial summary judgment. (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.