■ ERSKIN MORRIS et al., Respondents, v NEW YORK TELEPHONE COMPANY, Appellant and Third-Party Plaintiff. AT&T NETWORK SYSTEMS, Third-Party Defendant-Respondent. [680 NYS2d 364] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1). Erskin Morris (plaintiff) was an employee of third-party defendant, which had contracted to perform work for defendant. Plaintiff testified that, on the day of the accident, he was assigned to assist in the dismantling of equipment from defendant's premises so that it could be moved to another site. In order to remove fuses to cut off the electrical current before he dismantled the equipment, plaintiff ascended a ladder that rolled along a track attached to a superstructure suspended from the ceiling. According to plaintiff, the ladder rolled out of its ceiling track due to the absence of a safety bolt or braking device, causing both plaintiff and the ladder to fall to the concrete floor.

On this record, there is an issue of fact whether the activity in which plaintiff was engaged at the time of the accident constituted the alteration of a structure, as opposed to routine

maintenance in a nonconstruction, nonrenovation context (*see, Joblon v Solow*, 91 NY2d 457, 465; *see also, Rennoldson v Volpe Realty Corp.*, 216 AD2d 912, *lv dismissed* 86 NY2d 837). Further, the evidence establishes a delay of several hours between the time of the fall and plaintiff's reporting of it. On this record, there is an issue of fact whether the accident occurred as plaintiff asserts it did (*see, Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981; *Hamilton v Tam Ceramics*, 214 AD2d 951, 952). (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.