■ STEPHEN R. BOMBARD, Appellant, v CHRISTIAN MISSIONARY ALLIANCE OF SYRACUSE et al., Respondents. [739 NYS2d 516] —Appeal from that part of an order of Supreme Court, Onondaga County (Murphy, J.), entered November 17, 2000, that denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: We agree with plaintiff that Supreme Court erred in denying his motion for partial summary judgment on liability under Labor Law § 240 (1) because there are no triable issues of fact concerning the manner in which the accident occurred or whether the actions of plaintiff were the sole proximate cause of his injuries. Plaintiff testified at his deposition that he was on the scaffolding when it moved and began to shake, and that he next recalled waking up in the hospital. It is undisputed that the scaffolding fell over when one of its wheels fell into a sump pump opening in the floor. The deposition testimony of a field superintendent that the accident occurred while plaintiff was moving the scaffolding constitutes

"speculation without factual support," because the field super-intendent did not observe the accident and his testimony is based merely on his interpretation of the accident scene (*Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981; *see, Morris v Mark IV Constr. Co.*, 203 AD2d 922, 923). Thus, that testimony was insufficient to raise a triable issue of fact with respect to whether the accident was gravity related.

We further agree with plaintiff that his alleged failure to lock the wheels of the scaffolding does not preclude partial summary judgment on liability. Even assuming, arguendo, that plaintiff failed to engage the locking mechanisms on the wheels of the scaffolding, we conclude that "[t]he failure of plaintiff to use the locking devices on the scaffold he provided would go only to the issue of his own negligence, which is not a relevant consideration in a Labor Law § 240 (1) cause of action" (*Haystrand v County of Ontario*, 207 AD2d 978, 978; *see, Vanriel v Weissman Real Estate,* 262 AD2d 56; *Garcia v 1122 E. 180th St. Corp.,* 250 AD2d 550, 551; *cf., Nowacki v Metropolitan Life Ins. Co.,* 242 AD2d 265, 266). Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.