■ WAYNE A. BOIVIN, Respondent, v THE MARRANO/MARC EQUITY CORP., Appellant. [913 NYS2d 843]—

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered December 8, 2009 in a personal injury action. The order denied defendant's motion for summary judgment and granted plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the Labor Law § 200 and common-law negligence causes of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he fell while installing a roof on a home that was under construction. Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and properly granted plaintiff's cross motion seeking partial summary judgment on liability with respect to that claim. Plaintiff established his entitlement to judgment as a matter of law (see Cherry v Time Warner, Inc., 66 AD3d 233, 236 [2009]), and "[t]he mere fact that a fall is unwitnessed does not require denial of a [cross] motion for partial summary judgment [on liability] under Labor Law § 240 (1)" (Abramo v Pepsi-Cola Buffalo Bottling Co., 224 AD2d 980, 981 [1996]). Plaintiff's conflicting statements concerning the precise address of the accident are insufficient to raise a triable issue of fact inasmuch as it is undisputed that defendant was the general contractor for all of the homes under construction in the development where the accident occurred. Moreover, "all of plaintiff's statements relate a consistent and coherent version of the occurrence of the accident" (Morris v Mark IV Constr. Co., 203 AD2d 922, 923 [1994]).

We agree with defendant, however, that the court erred in denying those parts of its motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Defendant "established its entitlement to judgment as a matter of law by demonstrating that it did not exercise supervisory control over . . . plaintiff's work[ ] and

that it neither created nor had actual or constructive knowledge of the allegedly dangerous condition on the premises . . . , and plaintiff[ ] failed to raise a triable issue of fact" (*Handville v MJP Contrs., Inc.*, 77 AD3d 1471, 1474 [2010] [internal quotation marks omitted]). We therefore modify the order accordingly. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.