Hann v S&J Morrell, Inc. (2022 NY Slip Op 04447)

Hann v S&J Morrell, Inc.

2022 NY Slip Op 04447

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

314 CA 21-00984

[*1]PHILLIP HANN, PLAINTIFF-RESPONDENT,
v
S & J MORRELL, INC., DEFENDANT-APPELLANT. 

COUGHLIN & GERHART, LLP, BINGHAMTON (KEITH A. O'HARA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WELCH, DONLON & CZARPLES, PLLC, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Steuben County (Kevin M. Nasca, J.), entered June 25, 2021. The order, insofar as appealed from, granted that part of plaintiff's cross motion seeking partial summary judgment against defendant. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the cross motion is denied in its entirety.
Memorandum: Plaintiff, who was employed as a framer by a subcontractor on a residential construction project of which defendant was the owner and general contractor, commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he allegedly fell while erecting an elevated exterior deck. Defendant contends on appeal that Supreme Court erred in granting plaintiff's cross motion insofar as it sought partial summary judgment on the issue of liability for violation of Labor Law § 240 (1). We agree.
"On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). "Summary judgment is a drastic remedy, to be granted only where the moving party has 'tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact' . . . and then only if, upon the moving party's meeting of this burden, the non-moving party fails 'to establish the existence of material issues of fact which require a trial of the action' " (id.). "A motion for summary judgment must be denied 'if there is any significant doubt as to the existence of a triable issue, or if there is even arguably such an issue' " (Vanderwater v Sears, 277 AD2d 1056, 1056 [4th Dept 2000]; see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], rearg denied 3 NY2d 941 [1957]).
"[I]n order to establish entitlement to judgment as a matter of law on the issue of liability under Labor Law § 240 (1), the plaintiff 'must establish that the statute was violated and that such violation was a proximate cause of his [or her] injury' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). In a section 240 (1) case, "[s]ummary judgment is appropriate if plaintiff's account of the accident is uncontroverted or if defendant is unable to show, other than by speculation without factual support, that a bona fide issue [of fact] exists" (Abramo v Pepsi-Cola Buffalo Bottling Co., 224 AD2d 980, 981 [4th Dept 1996]; see Aman v Federal Express Corp., 247 AD2d 879, 880 [4th Dept 1998]).
Here, plaintiff met his initial burden on the cross motion with respect to the Labor Law § 240 (1) claim by establishing that defendant failed to provide appropriate safety devices such as a ladder or other fall protection, that he was working at an elevated work site, and that the statutory violation was a proximate cause of his injuries (see Barker v Union Corrugating Co., 187 AD3d [*2]1544, 1545-1546 [4th Dept 2020]). We reject defendant's contention that plaintiff's own submissions raise a material issue of fact regarding how the alleged accident occurred due to the discrepancy between plaintiff's account of a near complete collapse of the deck and the account of his coemployee foreman, i.e., his brother, who recalled a partial collapse or dislodging of the deck. Under either account of the degree of collapse, no safety devices were "so constructed, placed and operated as to give proper protection" to plaintiff (§ 240 [1]) and, thus, "despite the minor variations in the witnesses' accounts, 'there is no view of [plaintiff's] evidence here which could lead to the conclusion that the violation of Labor Law § 240 (1) was not [a] proximate cause of the accident' " (Villeneuve v State of New York, 274 AD2d 958, 958 [4th Dept 2000]; see Anderson v International House, 222 AD2d 237, 237 [1st Dept 1995]; see also Sarata v Metropolitan Transp. Auth., 134 AD3d 1089, 1092 [2d Dept 2015]).
We nonetheless agree with defendant that, viewing the evidence in the appropriate light (see Vega, 18 NY3d at 503), its submissions, particularly when coupled with portions of the deposition testimony of plaintiff and the foreman, raise a triable issue of fact whether the alleged accident—a fall resulting from the collapse or dislodging of the deck—occurred at all. Defendant's project supervisors both testified at their depositions that, when they inspected and photographed the deck on the morning after the purported accident, they did not observe any evidence that the deck structure had failed, i.e., there was no indication that a joist had fallen, that the ledger board had dropped three or four feet, or that the deck had ever fallen down. The supervisors further testified that no workers from plaintiff's employer were on the site that morning. The supervisors' testimony and post-accident photographs contradicted the foreman's recollection that he and his remaining crew returned to the work site on the morning after the alleged accident to repair the collapsed deck—a job that the foreman estimated would have taken a full day to complete. The foreman's later representation in his deposition that it was possible that the purported repair occurred on the day of the accident while plaintiff was at the hospital conflicted with his earlier recollection, and the foreman's assertion that a repair occurred was called into doubt by his admission that there was no visible evidence in the post-accident photographs that the ledger board had been reattached as he had described. In sum, the observations of defendant's supervisors on the morning following the accident that no one from plaintiff's employer was present and that there was no evidence that a collapse or dislodging of the deck had occurred, coupled with the foreman's contradictory statements about when the deck was purportedly repaired, his estimation that any such repair would have taken a full day, and his confirmation that the post-accident photographs were not indicative of a repair having occurred, raise an issue of fact whether the deck collapsed or dislodged in the first place, and thus whether the accident occurred at all in the manner alleged by plaintiff and the foreman (see Manning v Johnson Bldg. Co., 303 AD2d 929, 929-930 [4th Dept 2003], appeal dismissed 100 NY2d 556 [2003]; see also Perez v Folio House, Inc., 123 AD3d 519, 519-520 [1st Dept 2014]; Duran v Kijak Family Partners, L.P., 63 AD3d 992, 994 [2d Dept 2009]). Indeed, defendant's submissions raise an issue of credibility regarding the testimony of plaintiff and the foreman about the accident, and a factfinder could reject that testimony entirely (see Martin v Hoar, 158 AD2d 998, 998 [4th Dept 1990]; see also Militello v Landsman Dev. Corp., 133 AD3d 1378, 1379 [4th Dept 2015]).
Contrary to plaintiff's contention and the court's determination, the assertion of defendant that an accident resulting from a collapse or dislodging of the deck as described by plaintiff and the foreman may not have occurred at all is not based on "speculation without factual support" (Abramo, 224 AD2d at 981). Rather, defendant's assertion is based on the supervisors' firsthand observations of an intact deck on the morning after the alleged accident, coupled with the testimony of the foreman, which calls into question whether a repair of the deck could have been made before the supervisors' inspection, from which a factfinder could permissibly draw the inference that the alleged collapse did not occur at all (cf. Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]; Bombard v Christian Missionary Alliance of Syracuse, 292 AD2d 830, 830-831 [4th Dept 2002]; Morris v Mark IV Constr. Co., 203 AD2d 922, 923 [4th Dept 1994]).
Based on the foregoing, we conclude that defendant's submissions "raise bona fide questions of fact with respect to how the [purported] accident occurred and whether [plaintiff's] injuries were proximately caused by defendant['s] alleged violation of Labor Law § 240 (1)" (Laisney v Zeller, 234 AD2d 906, 906 [4th Dept 1996]). In light of our determination, we need not address defendant's remaining
contention.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court