█ PATRICK V. ARNOLD et al., Appellants, v BARRY S. BARONE CONSTRUCTION CORP. et al., Defendants, and BARONE HOMES, INC., Respondent. [848 NYS2d 483]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 28, 2006. The order, insofar as appealed from, granted that part of defendants' motion for summary judgment dismissing the complaint against defendant Barone Homes, Inc. and denied plaintiffs' cross motion for partial summary judgment against that defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Patrick V. Arnold (plaintiff) when he fell approximately nine feet to the ground from a plank on an I-beam above the unfinished basement of a house under construction. Contrary to plaintiffs' contention, Supreme Court properly granted those parts of defendants' motion seeking summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against Barone Homes, Inc. (defendant), although our reasoning differs from that of the court with respect to section 241 (6). The record establishes that, at the time he fell, plaintiff was in the garage collecting an extension cord that was caught on an unidentified object in the basement below him and that, instead of using an available ladder in his effort to collect the extension cord, he stood on a slippery plank on top of an I-beam. Because a ladder was "readily available, plaintiff's 'normal and logical response' should have been to go [and] get" it (Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]). We thus conclude on the record before us that the fail-

ure of plaintiff to use the available ladder was the sole proximate cause of his injuries, requiring summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action (*see id.; Yedynak v Citnalta Constr. Corp.*, 22 AD3d 840 [2005]; *Plass v Solotoff*, 5 AD3d 365, 367 [2004], *lv denied* 2 NY3d 705 [2004]). The fact that defendant raises that contention for the first time on appeal with respect to the Labor Law § 241 (6) cause of action is of no moment. That contention was before the court with respect to the section 240 (1) cause of action, and it thus cannot be said that plaintiffs lacked "the opportunity to make a factual showing or legal argument that might have undermined defendant['s] position" (*Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]; *see generally Edwards v Siegel, Kelleher & Kahn*, 26 AD3d 789, 790 [2006]; Oram v Capone, 206 AD2d 839, 840 [1994]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.