■ LEVERETT J. SPINAC, Respondent, v THE CARLTON GROUP, LTD., et al., Defendants, and CARLTON ADVISORY SERVICES, INC., Appellant. [952 NYS2d 870]—

Initially, the motion court properly granted renewal, as the interest of justice warranted such relief in light of the employer's viable argument as to the meaning of the disputed contract terms and the new facts raised in the employer's renewal affidavits concerning, inter alia, the employer's practice and policy

concerning commissions paid to an originator of client business (*see generally Mejia v Nanni*, 307 AD2d 870 [1st Dept 2003]).

The relevant contract provisions setting forth the basis for a sole originating broker to earn full commissions for originating a client, reasonably construed, as a whole, required the broker to both introduce a client to the employer and satisfy certain "responsibilities" before "a full listing . . . fee" was earned. The motion court's interpretation of the contract's "origination" term as only requiring a client introduction improperly renders other inter-related commission provisions in the contract superfluous, including the "listing" requirement (*see generally Chimart Assoc. v Paul*, 66 NY2d 570 [1986]). Agreements should be construed as a whole to avoid excessive emphasis on particular words or phrases (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]). Affidavits submitted on renewal raised triable issues as to the nature and scope of an originator's responsibilities, including the listing requirement. Conflicting affidavits also raised triable issues of fact as to whether the employer offered to pay undisputed commissions deemed to be owing, and whether plaintiff's refusal to accept such offer (notwithstanding the parties' bona fide dispute as to the extent of commissions owing), undermined the motion court's finding of willfulness on the part of the employer in not actually tendering the wages claimed to be due and owing (*see generally* Labor Law § 198-a).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.