■ ANTHONY TUCCILLO, JR., et al., Appellants-Respondents, v BOVIS LEND LEASE, INC., et al., Defendants, and ADT SECURITY SERVICES, INC., Respondent-Appellant. (And a Third-Party Action.) [958 NYS2d 86]—

The genesis of this case stems from the January 31, 2006 accident in which plaintiff, Anthony Tuccillo, Jr., a journeyman electrician employed by third-party defendant, and nonparty to this appeal Petrocelli Electric Co. (Petrocelli), was installing cables for a security system at the United States Post Office at Cadman Plaza, Brooklyn. Tuccillo was on the building's third floor, standing on an A-frame ladder, pulling cables down from the fourth floor, when the ladder wobbled and sent him crashing to the floor, causing injury, including a fractured skull and ribs.

Defendant ADT had been hired by the federal government, namely, the United States Marshals Service, to install closed circuit televisions, access controls, an intercom system and a burglar alarm system at Cadman Plaza. ADT then subcontracted the wiring aspect of this job to Petrocelli.

Shortly after the incident, by summons and complaint dated April 20, 2006, Tuccillo and his wife commenced this action against defendant ADT, among others, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). By notice of motion dated December 28, 2009, plaintiffs sought partial summary judgment on liability on their Labor Law § 240 (1) cause of action. Plaintiffs argue that the fall from the ladder was prima facie proof of a Labor Law § 240 (1) violation, as was ADT''s failure to provide a safety device to prevent Tuccillo's fall. Besides opposing the motion, ADT cross-moved for summary judgment dismissing all claims. With regard to the Labor Law §§ 240 (1) and 241 (6) causes of action, ADT argued that they must be dismissed because there was no evidence that

ADT had any authority to supervise, direct or control Tuccillo's work.

In an order entered February 25, 2011, the IAS court denied plaintiffs' motion for summary judgment, and granted ADT's cross motion in its entirety, dismissing the causes of action for common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6). With regard to the Labor Law §§ 240 (1) and 241 (6) causes of action, the IAS court found that there was no evidence that ADT was delegated supervisory authority over Tuccillo's work.

By notice dated March 30, 2011, plaintiffs moved to reargue and renew that part of the court's order dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action. Plaintiffs contended that there was no dispute that ADT had entered into a contract with the U.S. Marshals Service to install a security system at Cadman Plaza, and that it had subcontracted a portion of the work to Petrocelli. Plaintiffs submitted a copy of ADT's contract with the U.S. Marshals Service for the court's consideration. Plaintiffs argued that once ADT entered into its contract for the installation of the security system, it became responsible under the law for safety compliance with respect to that portion of the Cadman Plaza renovation project.

In an order entered October 25, 2011, the court denied plaintiffs' motion to renew the February 25, 2011 order, but granted their motion to reargue, and upon reargument, modified the previous order to deny ADT's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action. The court denied the motion to renew because plaintiffs had been in possession of the contract between ADT and the U.S. Marshals Service, but had not proffered it on the prior motion. Instead, the court granted the motion to reargue upon a reevaluation of the subcontract between ADT and Petrocelli. The court found that the contract, which, in relevant part, delegated to Petrocelli the authority to supervise and control the wiring installation, provided some, but not conclusive, evidence that ADT may have been the statutory agent for the owner. On the issue of section 241 (6) liability, the court found that plaintiffs had not submitted sufficient evidence to warrant a change in its previous holding.

Plaintiffs' motion to renew should have also been granted to the extent it was based on evidence not presented on the prior motion, i.e., a copy of ADT's contract with the U.S. Marshals Service for the installation of the security system at Cadman Plaza. "Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion (*see* CPLR 2221 [e]), courts have discretion to relax this

requirement and to grant such a motion in the interest of justice" (*Mejia v Nanni*, 307 AD2d 870, 871 [1st Dept 2003]; *see e.g. Spinac v Carlton Group, LTD.*, 99 AD3d 603 [1st Dept 2012]; *Daniels v City of New York*, 291 AD2d 260 [1st Dept 2002]; *Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726 [2d Dept 1997]). On this record, in which ADT's contract with U.S. Marshals Service for the installation of the security system at Cadman Plaza is unchallenged, we deem it appropriate to grant renewal and, upon renewal, grant plaintiffs' motion for partial summary judgment on liability on their Labor Law § 240 (1) cause of action against ADT.

The record shows that ADT was a statutory agent of the U.S. Marshals Service, which had hired ADT for the installation of the security system at Cadman Plaza (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). ADT had the authority to supervise and control the work being done by Tuccillo pursuant to the terms of its subcontract with the federal government (*see e.g. McGurk v Turner Constr. Co.*, 127 AD2d 526, 529 [1st Dept 1987]). Moreover, ADT demonstrated this authority by subcontracting a portion of the installation of the security system to Tuccillo's employer, Petrocelli (*see Williams v Dover Home Improvement*, 276 AD2d 626 [2d Dept 2000]). The fact that Petrocelli possessed concomitant or overlapping authority to supervise the wire installation does not negate ADT's authority to supervise and control the installation of the wires (*Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1420-1421 [4th Dept 2005]). Whether ADT actually supervised Tuccillo is irrelevant (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *Rizzo v Hellman Elec. Corp.*, 281 AD2d 258 [1st Dept 2001]).

The motion court dismissed plaintiffs' causes of action under Labor Law § 241 (6), presumably under the reasoning that ADT had not exercised any supervision or control over Tuccillo's work. Since the analysis of statutory agency for purposes of Labor Law § 240 (1) applies equally to Labor Law § 241 (6) (*see Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 192-193 [1st Dept 2011]), ADT's motion for summary judgment to dismiss the Labor Law § 241 (6) cause of action should have been denied. Concur—Friedman, J.P., Catterson, Renwick, DeGrasse and Román, JJ.