■ RAUL VEGA, JR., et al., Appellants-Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents-Appellants. [21 NYS3d 19]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 1, 2014, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on their Labor Law §§ 240 (1) and 241 (6) claims, and denied defendants' cross motion for summary judgment seeking to collaterally estop plaintiffs from raising an issue already decided by the Workers' Compensation Board, unanimously modified, on the law, to grant defendants' cross motion, and otherwise affirmed, without costs.

Plaintiff Raul Vega, a laborer employed on the reconstruction and renovation of the 96th Street IRT subway station, was injured when a coworker operating an excavator dropped concrete debris on him. The two workers were in the process of transporting the debris to a nearby dumpster for disposal, when the excavator operator dropped the debris before Vega had safely left the dumping area. As a result, Vega sustained a crushed left index finger.

As to plaintiffs' Labor Law § 241 (6) claim, we conclude that defendants raised an issue of fact as to whether Vega was comparatively negligent because of conflicting deposition testimony over whether Vega had given the excavator operator a signal to drop the concrete debris before plaintiff had safely left the dumpster area (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]; *Mercado v Caithness Long Is. LLC*, 104 AD3d 576, 577 [1st Dept 2013]).

The court did not err in denying plaintiffs' motion for summary judgment on the Labor Law § 240 (1) claim because plaintiffs did not "show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Here, "the hoisting . . . equipment did not malfunction during the hoisting maneuver but, rather, . . . served [its] core objective" and the concrete debris that fell on Vega was "purposefully released from the [excavator] by the operator at the designated location" (*Corey v Gorick Constr. Co.*, 271 AD2d 911, 913 [3d Dept 2000]).

However, the court erred in failing to collaterally estop plaintiffs from relitigating their allegation that Vega sustained complex regional pain syndrome, or reflex sympathetic dystrophy in the present case, because that very same issue was previously raised and conclusively decided in a Workers' Compensation Board proceeding, where plaintiffs had the full and fair opportunity to litigate the issue (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Ridge v Gold*, 115 AD3d 1263, 1264 [4th Dept 2014], *appeal dismissed* 23 NY3d 1010 [2014]; *cf. Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246 [2013]). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ. [**Prior Case History: 43 Misc 3d 1218(A), 2014 NY Slip Op 50703(U).**]