Badzio v East 68th St. Tenants Corp. (2021 NY Slip Op 07498)





Badzio v East 68th St. Tenants Corp.


2021 NY Slip Op 07498


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 150037/17, 595475/17 Appeal No. 14908 Case No. 2020-03987 

[*1]Thomas Badzio, Plaintiff-Respondent,
v
East 68th Street Tenants Corp., et al., Defendants-Respondents. East 68th Street Tenants Corp., et al., Third-Party Plaintiffs-Respondents-Appellants,


Devitt Spellman Barrett, LLP, Smithtown (Christi M. Kunzig of counsel), for appellants-respondents.
Gordon Rees Scully Mansukhani, LLP, New York (Scott V. Heck of counsel), for Sagewood Construction & Design Corp., respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Sienia Construction, Inc., respondent-appellant.
Wood Smith Henning & Berman LLP, New York (Thomas E. Lehman of counsel), for Geoffrey Hunter and Marie-Jose Hunter, respondents-appellants.
Sjoquist & Baer, New York (Chad E. Sjoquist of counsel), for East 68th Street Tenants Corp., and Wallack Management Co., Inc., respondents/respondents-appellants.
Lurie, Ilchert, MacDonnell & Ryan LLP, New York (George W. Ilchert of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered September 3, 2020, which, to the extent appealed from as limited by the briefs, denied third-party defendants Patrick D'Angelo and Ligia Jacobs s/h/a Ugia Jacobs' (D'Angelo/Jacobs) motion for summary judgment dismissing defendants/third-party plaintiffs East 68th Street Tenants Corp. and Wallack Management Co., Inc.'s contractual indemnification and breach of contract claims as against them, denied third-party defendants Geoffrey Hunter and Marie-Jose Hunter's (the Hunters) motion for summary judgment dismissing East 68th Street and Wallack's contractual indemnification claim as against them, granted East 68th Street and Wallack's motion for summary judgment on their contractual indemnification claim as against D'Angelo/Jacobs and the Hunters, denied East 68th Street and Wallack's, defendant/third-party defendant Sienia Construction, Inc.'s, and defendant/third-party defendant Sagewood Construction & Design Corp.'s motions for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against them, and granted plaintiff's cross motion for summary judgment as to liability under Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff established prima facie defendants' liability under Labor Law § 240(1) by presenting uncontroverted evidence that he was injured when he fell from an elevation of approximately 30 feet from scaffolding he was dismantling and that his accident was proximately caused by defendants' failure to supply adequate protection, namely a safety line or an appropriate place to attach his harness (see Anderson v MSG Holdings, L.P., 146 AD3d 401, 402 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]; Hoffman v SJP TS, LLC, 111 AD3d 467 [1st Dept 2013]).
In opposition, defendants failed to raise an issue of fact. They did not rebut plaintiff's showing that there was no place for him to tie off his harness or that he was not supplied with a safety line. They argued that plaintiff was the sole proximate cause of his accident because he misused the safety devices that were supplied or could have used the building stairs or elevator to gain access to the top of the scaffolding. This argument is unavailing, given that plaintiff was not provided with an adequate safety device in the first instance. Nor is there evidence that plaintiff was advised of an available alternative route to the top of the scaffolding or method by which to perform his work (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 10 [1st Dept 2011]). Indeed, plaintiff testified that it was his first day at the job site and that his foreman told him to "climb up the scaffolding" in conjunction with its dismantling.
The court correctly found that defendants Sienia and Sagewood were contractors or agents within the meaning of Labor Law § 240(1). Sienia hired plaintiff's employer to erect the scaffolding and thus had authority to exercise control over the work that brought about [*2]plaintiff's injury (see Tuccillo v Bovis Lend Lease, Inc., 101 AD3d 625, 628 [1st Dept 2012]; Weber v Baccarat, Inc., 70 AD3d 487, 488 [1st Dept 2010]).
The contract between Sagewood and the Hunters demonstrates that Sagewood was a contractor within the meaning of the statute, given that it retained control over the renovation project, which included the installation and removal of scaffolding in front of the building, and provided that "[t]he Contractor [Sagewood] shall supervise and direct the Work . . . [and] shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures, and for coordinating all portions of the Work." That Sagewood delegated its responsibility to Sienia, making Sienia either a subcontractor or an agent of Sagewood as to the scaffolding, does not free Sagewood from liability (see Weber v Baccarat, Inc., 70 AD3d at 488; Williams v Dover Home Improvement, 276 AD2d 626 [2d Dept 2000]).
In light of plaintiff's entitlement to summary judgment on his Labor Law § 240(1) claim, the issue of liability under Labor Law § 241(6) is academic (see Jerez v Tishman Constr. Corp of N.Y., 118 AD3d 617, 617-618 [1st Dept 2014]).
The court correctly found that East 68th Street and Wallack were entitled to contractual indemnification from D'Angelo/Jacobs and the Hunters, pursuant to the riders to the Alteration Agreements, in which the owners of both apartments agreed to indemnify East 68th Street and Wallack for "any loss or damages suffered to persons or property as a result of the Work" and for damages "arising out of or in any way related to, the Alteration or other construction in the Apartment." This unambiguous language evinces an intent to indemnify under the facts of this case, in which plaintiff's injuries arose out of or were related to the alteration work to both apartments — namely the dismantling of the scaffold that was erected by D'Angelo/Jacobs and extended by the Hunters (see Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]; Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]).
The motion court correctly sustained East 68th Street and Wallack's breach of contract claim against D'Angelo/Jacobs for failure to procure insurance. D'Angelo/Jacobs do not deny that they failed to procure coverage; they argue,
incorrectly, that they were not required to procure insurance because plaintiff's accident did not arise out of their project.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021