Szymkowiak v New York Power Auth. (2022 NY Slip Op 01702)





Szymkowiak v New York Power Auth.


2022 NY Slip Op 01702


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1070 CA 20-01411

[*1]JOSEPH SZYMKOWIAK, PLAINTIFF-RESPONDENT,
v
NEW YORK POWER AUTHORITY, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. KRUPPA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered October 6, 2020. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion insofar as it effectively sought summary judgment dismissing the claims for damages related to post-concussion syndrome and a concussion condition stemming from the October 2015 accident and dismissing those claims and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action against defendant seeking damages for injuries he allegedly sustained in two workplace accidents. Following discovery, defendant moved for summary judgment dismissing the complaint "in its entirety" or, in the alternative, for summary judgment seeking, in effect, dismissal of plaintiff's claims for damages related to post-concussion syndrome (PCS) and headaches, as barred by the doctrine of collateral estoppel, and a finding that plaintiff did not sustain an injury to his left shoulder as a result of the second accident. In its motion, defendant addressed only those causes of action and injuries related to the second of the two accidents. In opposition to the motion, plaintiff likewise addressed only those causes of action and injuries related to the second accident.
Supreme Court granted the motion with respect to the common-law negligence, Labor Law § 200, and Labor Law § 241 (6) causes of action. In addition, the court granted defendant's motion insofar as it sought a finding that plaintiff did not sustain an injury to his left shoulder. The court denied the motion insofar as it sought summary judgment dismissing the Labor Law § 240 (1) "cause of action" and plaintiff's claims for damages related to PCS and headaches.
On appeal, defendant contends that the court erred in denying the motion to that extent. We agree with defendant in part, and we therefore modify the order.
With respect to the Labor Law § 240 (1) cause of action related to the second accident, we conclude that defendant failed to establish as a matter of law that plaintiff was not "obliged to work at an elevation" (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]). Citing Broggy and Maracle v Autoplace Infiniti, Inc. (161 AD3d 1524, 1525 [4th Dept 2018]), defendant contends that there were other methods of dislodging a tagline from a 10- to 12-foot fence that would not have required plaintiff to work at an elevation, and plaintiff is not entitled to the protections of the statute. We reject that contention. In Broggy and Maracle, the tasks could be performed by the respective plaintiffs without any need for those plaintiffs to work at an elevation. Here, by contrast, defendant submitted the deposition testimony of plaintiff, who asserted that, in order to release the tagline from the fence, he needed to work at an elevation. As [*2]the Court of Appeals noted, "liability turns on whether a particular . . . task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against" (Broggy, 8 NY3d at 681 [emphasis added]; see Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1045 [2d Dept 2012]). Moreover, plaintiff's deposition testimony that he was required to stand on an elevated surface to perform the task is enough, under the circumstances of this case, for plaintiff "to ward off summary judgment" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]).
Contrary to defendant's contention, plaintiff's decision to employ one method of performing a necessary task, "even if a safer method existed, constitute[s] nothing more than 'comparative fault that is not a defense under the statute' " (Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1228 [3d Dept 2015]). "The mere fact that a plaintiff negligently chooses one method of elevation over another and the device chosen contributes to the accident is not a defense to the absolute liability imposed under the statute" (Rose v Mount Ebo Assoc., 170 AD2d 766, 768 [3d Dept 1991]). Here, we conclude that "[t]he work 'exposed plaintiff to an elevation-related risk' " because plaintiff was working four to five feet above the ground, and we further conclude that " 'the absence of an appropriate safety device such as a ladder [may have been] a proximate cause of plaintiff's injuries' " (Worden v Solvay Paperboard, LLC, 24 AD3d 1187, 1188 [4th Dept 2005]).
Defendant further contends that it was entitled to summary judgment dismissing the Labor Law § 240 (1) cause of action related to the second accident inasmuch as plaintiff was the sole proximate cause of that accident. We reject that contention. To establish a sole proximate cause defense under Labor Law § 240 (1), a defendant must demonstrate that the plaintiff had " 'adequate safety devices available; that [the plaintiff] knew both that they were available and that he [or she] was expected to use them; that [the plaintiff] chose for no good reason not to do so; and that had [the plaintiff] not made that choice he [or she] would not have been injured' " (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015], quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; see generally Gallagher v New York Post, 14 NY3d 83, 88 [2010]).
Here, defendant's own submissions raise triable issues of fact whether there was a "readily available" ladder (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162 [2d Dept 2020]; cf. Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]), whether it was "adequate" for the task (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]), and whether plaintiff "chose for no good reason" not to use it (Cahill, 4 NY3d at 40; see Dziadaszek v Legacy Stratford, LLC, 177 AD3d 1276, 1278 [4th Dept 2019]; cf. Arnold v Barry S. Barone Constr. Corp., 46 AD3d 1390, 1390-1391 [4th Dept 2007], lv denied 10 NY3d 707 [2008]). Inasmuch as defendant failed to meet its initial burden with respect to that cause of action, the burden never shifted to plaintiff to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We agree with defendant that the court erred in denying its motion insofar as it effectively sought summary judgment dismissing plaintiff's claims for damages related to PCS or a concussion condition as barred by the doctrine of collateral estoppel, but we conclude that plaintiff's claims for damages related to headaches and the alleged concussion itself are not so barred. The quasi-judicial determinations of administrative agencies, such as the Workers' Compensation Board (Board), "are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255 [2013]; see Ryan v New York Tel. Co., 62 NY2d 494, 499 [1984]; King v Malone Home Bldrs., Inc., 137 AD3d 1646, 1648 [4th Dept 2016]). Although there is a distinction between a determination regarding the level of a plaintiff's disability (see Auqui, 22 NY3d at 255-256) and a determination whether a plaintiff actually sustained a physical injury causally related to an accident (see Roserie v Alexander's Kings Plaza, LLC, 171 AD3d 822, 823-824 [2d Dept 2019]; Vega v Metropolitan Transp. Auth., 133 AD3d 518, 519 [1st Dept 2015]; Emanuel v MMI Mech., Inc., 131 AD3d 1002, 1003 [2d Dept 2015]), the Board in this case specifically found that plaintiff did not have "post-concussion syndrome" or a "concussion condition" that were causally related to the second work accident.
Inasmuch as there is an identity of issues and there is no dispute that plaintiff had a full and fair opportunity to litigate the causation issue before the Board, we conclude that defendant met its initial burden of establishing that plaintiff is collaterally estopped from claiming in this personal injury action that he sustained a PCS injury or a concussion condition as a result of the second accident (see Roserie, 171 AD3d at 823-824; Vega, 133 AD3d at 519; Emanuel, 131 AD3d at 1003; cf. Auqui, 22 NY3d at 255-256). Inasmuch as plaintiff did not submit any additional exhibits in opposition thereto, he did not raise any triable issues of fact sufficient to defeat the motion to that extent. We therefore modify the order accordingly. However, defendant failed to establish that the Board rendered any determination on whether plaintiff suffered from headaches or sustained an actual concussion. As a result, we conclude that plaintiff's claims for damages related to those purported injuries are not barred.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court