Valverde v Occam Suy LLC (2022 NY Slip Op 02887)

Valverde v Occam Suy LLC

2022 NY Slip Op 02887

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 158638/19 Appeal No. 15812 Case No. 2021-04736 

[*1]Julio Jara Valverde, Plaintiff-Appellant,
v
Occam Suy LLC et al., Defendants-Respondents.

Salerno & Goldberg, P.C., Deer Park (Allen Goldberg of counsel), for appellant.
Fuchs Rosenzweig, PLLC, New York (Douglas R. Rosenzweig of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about September 13, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court correctly granted defendants' motion for summary judgment based on the doctrine of collateral estoppel. Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including the decision from and transcript of the workers' compensation hearing. Defendant demonstrated that the issue resolved at the workers' compensation hearing, i.e., that plaintiff did not sustain a work-related injury or the accident did not occur as described, was identical to that presented in this negligence and Labor Law action seeking damages for personal injuries (see Vega v Metropolitan Transp. Auth., 133 AD3d 518, 519 [1st Dept 2015]; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 77 [2d Dept 2021]). The finding that no accident occurred as testified to by plaintiff is "material and, in fact, pivotal, to the core viability of any personal injury action that the plaintiff could pursue in a court at law regarding the same incident" (Lennon, 199 AD3d at 77, citing Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]).
Plaintiff failed to satisfy his burden of raising an issue of fact regarding whether he was afforded a full and fair opportunity to litigate the issue at the workers' compensation hearing (Matter of Dunn, 24 NY3d 699, 704 [2015]; see Vega, 133 AD3d at 519; Lennon, 199 AD3d at 78). It is undisputed that plaintiff personally appeared at the hearing, was represented by counsel, and testified on his own behalf. Plaintiff's counsel elicited testimony, cross-examined the witness presented by the employer, made objections, and engaged in summation argument. Plaintiff's argumentthat his counsel was inexperienced and incompetent is not supported by the record. While the competency of counsel is a factor to be considered in evaluating whether plaintiff was afforded a full and fair opportunity to litigate in the worker's compensation proceeding (Ryan v New York Tel Co., 62 NY2d at 501 [factors considered in deciding whether a party had a full and fair opportunity to be heard are ". . . the competency and expertise of counsel"]), plaintiff's claims are made in only general terms without factual support.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022