Douglas v Tishman Constr. Corp. (2022 NY Slip Op 03344)





Douglas v Tishman Constr. Corp.


2022 NY Slip Op 03344


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 29292/17 Appeal No. 15989 Case No. 2021-03234 

[*1]Jaydee Douglas, Plaintiff-Appellant-Respondent,
v
Tishman Construction Corporation, et al., Defendants-Respondents-Appellants, Empire State Carpenters, Defendant.


Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for appellant-respondent.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 10, 2021, which to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law §§ 240(1) and 241(6) claims against defendants Tishman Construction Corporation and BOP NE LLC, sued herein as BOP NE Tower Lessee LLC (BOP, and together with Tishman, defendants), and granted defendants' cross motion for leave to amend their answers to assert an affirmative defense based on collateral estoppel and thereupon dismissed plaintiff's claims that his injuries included traumatic brain injury and cognitive disorder, unanimously modified, on the law, to deny plaintiff's motion for summary judgment on liability on his Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Plaintiff was injured on a construction project when he was struck by a wooden door form. At the time, plaintiff worked as a lather for Navillus Contracting, a concrete subcontractor on the project.
Upon a search of the record (CPLR 3212[b]) the motion court correctly found that defendants BOP and Tishman are both subject to liability under Labor Law §§ 240(1) and 241(6) (see Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]). BOP admitted in its answer, it was a lessee of the property where the construction was taking place, and therefore is deemed to have been property owner for purposes of liability under article 10 of the Labor Law (see Kane v Coundorous, 293 AD2d 309, 311 [1st Dept 2002]). Tishman, the construction manager of the work site, hired Navillus to complete the concrete work under a contract that set forth Tishman's safety guidelines. Thus, Tishman had the authority to exercise control over the work that brought about plaintiff's injuries, subjecting it to vicarious liability as an agent of the property owner (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Badzio v East 68th St. Tenants Corp., 200 AD3d 591, 592 [1st Dept 2021]; Tuccillo v Bovis Lend Lease, Inc., 101 AD3d 625, 628 [1st Dept 2012]).
Plaintiff's testimony, that the wooden door form (15 to 20 feet high and 8 feet wide) which Navillus carpenters had leaned against the rebar cage, fell and struck him, causing him to fall off a ledge around three feet high, established prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim against defendants (see Viruet v Purvis Holdings LLC, 198 AD3d 587, 587 [1st Dept 2021]). In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff's conduct was the sole proximate cause of the accident, as a statutory violation — namely, the failure to secure the door form with an adequate safety device — was a proximate cause of plaintiff's injury (see Blake v Neighbor Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
Supreme Court should have denied plaintiff's motion for summary judgment with respect to Labor Law § 241(6), which was based on an expert [*2]affidavit submitted in reply. The affidavit, which constituted the first time plaintiff asserted violations of 12 NYCRR 23-2.2(a) and (b), was not addressed to the arguments made in defendants' opposition, and instead sought to assert new grounds for the motion (see Keneally v 400 Fifth Realty LLC, 110 AD3d 624, 624 [1st Dept 2013]).
Plaintiff is collaterally estopped from litigating his allegation that he sustained traumatic brain injury and cognitive disorder, since the allegation was previously raised and conclusively decided against him in a Workers' Compensation Board proceeding, where plaintiff had a full and fair opportunity to litigate the issue (see Vega v Metropolitan Transp. Auth., 133 AD3d 518, 519 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022