Ballard v 300 E. Blvd. Canandaigua LLC (2024 NY Slip Op 04676)

Ballard v 300 E. Blvd. Canandaigua LLC

2024 NY Slip Op 04676

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

589 CA 23-01329

[*1]KEITH BALLARD AND DAWN BALLARD, PLAINTIFFS-APPELLANTS,
v
300 EASTERN BLVD. CANANDAIGUA LLC, DEFENDANT-RESPONDENT. 

COLIN J. LAREAUX, UTICA, FOR PLAINTIFFS-APPELLANTS.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Julie G. Denton, J.), entered June 29, 2023. The order, insofar as appealed from, denied the motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Keith Ballard (plaintiff) when he fell to the ground while working on the roof of a building being constructed on defendant's property. Plaintiff and his coworkers were installing plywood sheets to form the base layer of the roof when plaintiff stepped on an unsecured plywood sheet, causing him to fall into the hole created by the shifting plywood. At the time of the accident, plaintiff was not wearing a harness or any other similar type of safety device. Plaintiffs asserted causes of action for, inter alia, violations of Labor Law §§ 240 (1) and 241 (6). Plaintiffs appeal from an order insofar as it denied those parts of their motion seeking partial summary judgment on the Labor Law §§ 240 (1) and 241 (6) causes of action. We affirm.
We reject plaintiffs' contention that Supreme Court erred in denying the motion with respect to the Labor Law § 240 (1) cause of action. Plaintiffs met their initial burden on the motion by establishing that defendant's failure to provide any fall protection was a proximate cause of the accident (see Lagares v Carrier Term. Servs., Inc., 177 AD3d 1394, 1395 [4th Dept 2019]; see generally Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], rearg denied 25 NY3d 1195 [2015]). Specifically, plaintiffs relied on the affidavits of plaintiff and a fellow worker who stated that plaintiff fell after he stepped on the unsecured piece of plywood and that defendant did not supply any of the workers, including plaintiff, with a harness or other safety device that would have prevented the fall.
We conclude, however, that, in opposition, defendant raised a triable issue of fact whether plaintiff's own negligence was the sole proximate cause of his injuries due to his choice not "to use available, safe and appropriate equipment"—i.e., a harness—at the time of the accident (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015] [internal quotation marks omitted]; see generally Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]). Specifically, defendant submitted, inter alia, deposition testimony from the owner of plaintiff's employer, who testified that he had seen plaintiff wearing a harness while working on the roof the day before the accident and that he had previously told plaintiff to wear a harness while working at that height. The owner testified that the harnesses were "definitely" present at the worksite on the day of the accident because they had been present the day before. Indeed, it is undisputed that equipment brought to the worksite at the beginning of the work week would remain there the entire week. The owner also testified that the absence [*2]of a harness caused the accident based on his observation of tie-off equipment located on the roof of the building that would have stopped plaintiff from falling had he been wearing a harness attached to such a device. In short, there are issues of fact whether plaintiff was the sole proximate cause of the accident because, viewed in the light most favorable to defendant as the nonmovant (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), the owner's testimony suggested that plaintiff chose not to use a harness for no good reason, despite knowing that harnesses were available at the worksite and that he was expected to use one, and that plaintiff's choice not to use a harness caused him to fall (see generally Biaca-Neto, 34 NY3d at 1167-1168; Thomas v North Country Family Health Ctr., Inc., 208 AD3d 962, 963-965 [4th Dept 2022]). Although plaintiffs contend that the owner's testimony does not raise an issue of fact because it is based on speculation without factual support, we reject that contention inasmuch as the owner's assertions were based on his personal observations of the worksite the day before the accident (see Hann v S & J Morrell, Inc., 207 AD3d 1118, 1121 [4th Dept 2022]).
With respect to the Labor Law § 241 (6) cause of action, even assuming, arguendo, that plaintiffs met their initial burden on the motion (see generally Misicki v Caradonna, 12 NY3d 511, 515 [2009]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505 [1993]), we conclude, for the reasons stated above, that the court properly denied the motion with regard to that cause of action inasmuch as there are triable issues of fact with respect to whether plaintiff was the sole proximate cause of the accident (see Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 678 [2d Dept 2021]; Arnold v Barry S.
Barone Constr. Corp., 46 AD3d 1390, 1390-1391 [4th Dept 2007], lv denied 10 NY3d 707 [2008]; see generally Fazekas, 132 AD3d at 1403).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court