Tejada-Rodriguez v 76 Eleventh Ave. Prop. Owner LLC. (2024 NY Slip Op 04752)

Tejada-Rodriguez v 76 Eleventh Ave. Prop. Owner LLC.

2024 NY Slip Op 04752

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 29502/18 Appeal No. 2663 Case No. 2023-03709 

[*1]Danny Tejada-Rodriguez, Plaintiff-Respondent,
v
76 Eleventh Avenue Property Owner LLC., et al., Defendants-Appellants.

Hannum Feretic Prendergast & Merlino, LLC, New York (Beth L. Rogoff-Gribbins of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 30, 2023, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
The court properly found that defendant Omnibuild Construction, Inc. was a general contractor or statutory agent for purposes of Labor Law § 240 (1). It hired plaintiff's employer for concrete superstructure work and had the authority to exercise control over the work that brought about plaintiff's injury, regardless of whether it exercised that authority with respect to plaintiff's task (see Badzio v East 68th St. Tenants Corp., 200 AD3d 591, 592 [1st Dept 2021]; Burke v Hilton Resorts Corp., 85 AD3d 419, 420 [1st Dept 2011]).
The court properly found that plaintiff was entitled to partial summary judgment on his Labor Law § 240 (1) claim. Plaintiff was injured when he was hit by a heavy wooden panel that fell from a cured concrete-poured ceiling. Plaintiff's failure to explain how the panel fell did not preclude summary judgment in his favor (see Fuentes v YJL Broadway Hotel, LLC, 210 AD3d 552, 553 [1st Dept 2022]). Contrary to defendants' contention, plaintiff's account of the accident was not inherently incredible or physically impossible (compare Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 613 [1st Dept 2012]).
Defendants failed to raise issues of fact. The type of work plaintiff and his coworkers were performing, dislodging wooden panels from a newly constructed concrete ceiling, "involved a load that required securing" (Diaz v Raveh Realty, LLC, 182 AD3d 515, 516 [1st Dept 2020]). Defendants failed to establish that the use of safety devices would have "defeated the task of stripping the forms from concrete beams" (Bartley v 76 Eleventh Ave. Prop. Owner LLC, 226 AD3d 528, 529 [1st Dept 2024]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024