Perez v Tanya Towers, Inc.

2026 NY Slip Op 03126

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Caesar Perez, Respondent,

v

Tanya Towers, Inc., et al., Appellants, Skyline Facade Restoration, Inc., Defendant.

Decided and Entered: May 19, 2026

Index No. 28519/20|Appeal No. 6663|Case No. 2025-04802|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Manning Gross + Massenburg, LLP, New York (Taylor E. Ash of counsel), for appellants.

Sanocki Newman & Turret, LLP, New York (Carl B. Tegtmeier of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Matthew Parker-Raso, J.), entered July 22, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) cause of action, unanimously affirmed, without costs.

Supreme Court correctly granted plaintiff's motion for summary judgment on his Labor Law § 240(1) cause of action. The evidence demonstrated that plaintiff was not provided a ladder or other safety device, but was nonetheless ordered to climb a scaffold or tubing to access an elevated sidewalk bridge to remove wood. In the process of doing so, the tubing became loose, causing plaintiff to fall. Plaintiff's uncontradicted testimony as to the loose tubing and the failure to provide a ladder was sufficient to make out his prima facie case (see Van Guilder v Sands Hecht Constr. Corp., 199 AD2d 164, 164 [1st Dept 2021]; Badzio v East 68th St. Tenants Corp., 200 AD3d 591, 592 [1st Dept 1993]).

Defendants failed to raise a triable issue of fact, insofar as they failed to present testimony or other evidence controverting plaintiff's account of the accident. It is immaterial that the accident was unwitnessed because "there is nothing in the record that contradicts plaintiff's version of the accident or raises an issue as to his credibility" (Gutierrez v Turner Towers Tenants Corp., 202 AD3d 437, 438 [1st Dept 2022]). Defendants identified no evidence that plaintiff refused to use a ladder provided to him (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]). Plaintiff testified that no adequate safety devices were provided, and defendants presented no evidence to the contrary.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026