Martin v Poe Affilliates, L.P.
2026 NY Slip Op 03733
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Hector Martin, et al., Plaintiffs-Respondents,
v
Poe Affilliates, L.P., et al., Defendants-Appellants.

Decided and Entered: June 11, 2026
Index No. 816210/22|Appeal No. 6868|Case No. 2025-05361|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Hagler, JJ.

Law Offices of Shahab Katirachi, New York (Gregory P. Lewis of counsel), for appellants.
Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about August 12, 2025, which granted plaintiffs' motion for partial summary judgment on their claim pursuant to Labor Law § 240(1) claim and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants Poe Affiliates L.P. and Schur Management Co., Ltd. failed to prove as a matter of law that plaintiff Hector Martin's employer, nonparty SMC General Contracting, Inc. (SMC-GC) was their alter ego, and that the complaint is barred by the exclusivity provisions of the Workers' Compensation Law. No evidence was offered that Poe, Schur Management, and SMC-GC functioned as one entity, or were so close in their operating business relationship as to be indistinct from each other (see Fuller v KFG Land I, LLC, 189 AD3d 666, 668 [1st Dept 2020]). Although the three entities were allegedly located in the same building (where the renovation was taking place) and used the same insurance carrier, there was no evidence that the entities shared business purposes, offices, administrative personnel, or bank accounts, commingled funds, or that one entity dominated the other entities (see Palma v Woodside Ventures, LLC, 245 AD3d 479, 480 [1st Dept 2026]). The record demonstrates that Poe owned the land on which the building was situated and had no employees. Schur Management managed the property and hired GMC-GC as general contractor for the renovation project in question, and GMC-GC employees supervised and controlled plaintiff's injury-producing work. The record did not indicate that William Schur, the President and sole owner of both Schur Management and SMC-GC, and a general partner of Poe, made decisions for all three entities or treated them as indistinct.
Schur Management also failed to demonstrate that it was not an owner or general contractor for purposes of Labor Law liability. The evidence established plaintiffs' prima facie claim that Schur Management was Poe's statutory agent by virtue of Poe's delegation of authority to it to control and supervise the renovation (see Badzio v E. 68th St. Tenants Corp., 200 AD3d 591, 592 [1st Dept 2021]). Plaintiff demonstrated that Schur Management managed and operated the commercial building. It not only hired SMC-GC as the general contractor on the project but also gave general daily instructions to SMC-GC regarding the renovation work to be performed. In any event, whether Schur Management exercised its authority to control and/or supervise the project is irrelevant to this analysis (see Tejada-Rodriguez v 76 Eleventh Ave. Prop. Owner LLC., 231 AD3d 419, 419 [1st Dept 2024]). Schur Management failed to raise an issue of fact with respect to its liability as a statutory agent, since it presented no evidence that the control and supervision of the project was not effectively delegated to it by Poe.
[*2]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026